OPINION
{¶ 1} The following is an accelerated calendar appeal. Appellant, Sherry L. Gordon, appeals from a judgment entry of the Trumbull County Court of Common Pleas, granting summary judgment in favor of appellees, Eaton Group, Inc./GMAC Real Estate and John Eaton. For the reasons that follow, we affirm.
 {¶ 2} On August 27, 2003, appellant re-filed a complaint with the Trumbull County Court of Common Pleas, naming multiple parties, including appellees, as defendants. The complaint maintained that appellees were liable under claims of negligence and fraud. These claims originated from appellant's purchase of a home. Appellees acted as appellant's real estate agents during the purchase. Appellant's claims were based upon appellees' alleged failure to disclose multiple defects of the home, prior to appellant's purchase, and appellees' alleged false representations regarding the condition of the home.
 {¶ 3} Appellees filed a timely answer and proceeded to move for summary judgment. Appellees' motion for summary judgment included the deposition testimony of appellant and her father, Jerome Gordon ("Jerome"). This evidence established that appellant had visited the home on multiple occasions prior to her purchase. During her initial visit, appellant inquired as to a discolored area on the ceiling. Appellant and appellees examined the residential disclosure form left by the sellers. The disclosure form indicated that there were material problems with the roof, including leaks.
 {¶ 4} Appellees also attached a home inspection report that was made prior to appellant's purchase of the home. The report detailed various problems with the condition of the roof and stated, "[m]ain roofing may require updating soon."
 {¶ 5} In addition, the testimony demonstrated that appellant and Jerome, a carpenter and roofer by trade, inspected the house. Jerome testified that he told appellant to "make sure [the roof is] checked." Appellant's deposition testimony further revealed that she did not believe appellees were aware of any defects other than roof defects. Accordingly, appellees' contended that they had properly disclosed any defects they were aware of and appellant purchased the home "as is."
 {¶ 6} Appellant countered by filing a brief in opposition to appellees' motion for summary judgment. Attached to the brief in opposition was appellant's affidavit. Appellant's affidavit stated that appellees informed her that they were familiar with the house and that the house was in good condition. In conjunction with her affidavit, appellant filed the affidavit of James A. Bennington ("Bennington"), a roofing expert. Bennington's affidavit stated that the roof had material defects and that the sellers were aware of these defects.
 {¶ 7} Moreover, appellant attested that during the initial visit she was unable to inspect the home's pool and hot tub. She further stated that appellees failed to disclose the pool and hot tub were defective and in need of repair. Thus, appellant concluded that appellees had failed to disclose defects as to the roof, pool, and hot tub, and, based upon these defects, made false representations regarding the condition of the house.
 {¶ 8} On July 30, 2004, the court issued a judgment entry granting summary judgment in favor of appellees. Appellant appeals from this judgment and sets forth the following assignment of error for our consideration:
 {¶ 9} "The trial court erred to the prejudice of Plaintiff-Appellant by granting summary judgment to Defendants-Appellees on Plaintiff-Appellant's re-filed complaint."
 {¶ 10} Prior to examining appellant's assignment of error, we will set forth the appropriate standard of review. An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ. R. 56(C); Leibreich v. A.J. Refrigeration,Inc., 67 Ohio St.3d 266, 268, 1993-Ohio-12.
 {¶ 11} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner,67 Ohio St.3d 337, 340, 1993-Ohio-176, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 12} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party must be able to point specifically to some evidence of the type listed in Civ. R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim.Dresher at 293.
 {¶ 13} If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id.
 {¶ 14} Under her sole assignment of error, appellant maintains that appellees, as her real estate agents, owed her a duty of reasonable skill and care while representing her. Appellant argues that appellees breached their fiduciary duty as they acted negligently and with reckless disregard for the truth by failing to disclose that the roof, pool, and hot tub were defective, and by misrepresenting that the house was in good condition. Thus, she concludes that summary judgment was improper.
 {¶ 15} To demonstrate the presence of negligent conduct a plaintiff must show: (1) the existence of a duty owing to the plaintiff; (2) a breach of that duty; and (3) proximate causation. Bennison v. Still PassTransit Co. (1966), 5 Ohio St.2d 122.
 {¶ 16} A real estate agent has a fiduciary duty to its clients.Parahoo v. Mancini (Apr. 14, 1998), 10th Dist. No. 97APE08-1071, 1998 Ohio App. LEXIS 1630. R.C. 4735.62(F) requires a real estate agent to "disclos[e] to the client any material facts of the transaction of which the licensee is aware or should be aware in the exercise of reasonable skill and care[.]" Likewise, R.C. 4735.67 states:
 {¶ 17} "(A) A licensee shall disclose to any purchaser all material facts of which the licensee has actual knowledge pertaining to the physical condition of the property that the purchaser would not discover by a reasonably diligent inspection[.]"
 {¶ 18} Thus, generally, a real estate agent has a statutory duty to disclose any material defects of which the agent has knowledge.
 {¶ 19} The defense of caveat emptor protects certain parties from claims based upon nondisclosure of readily discoverable defects, and declares the buyer's reliance upon certain misrepresentations to be unreasonable as a matter of law. Allison v. Cook (2000),139 Ohio App.3d 473, 487. However, "[b]ecause of the affirmative obligations arising from the fiduciary relationship between a real estateagent and his clients, the defense of caveat emptor does not apply when a real estate agent fails to disclose to his clients facts known by him that are material to the transaction." (Emphasis added.) Id.
 {¶ 20} Similarly, a buyer's cause of action for fraudulent nondisclosure cannot be maintained against the seller or the seller'sagent when the property is being sold "as is." Moreland v. Ksiazek,
8th Dist. No. 83509, 2004-Ohio-2974, at ¶ 37. But due to the fiduciary relationship between the buyer and his or her agent, the property being sold "as is" does not preclude the buyer's cause of action for fraudulent nondisclosure against his or her agent. See, e.g., Allison at 487.
 {¶ 21} Here, appellant's claims of nondisclosure were made against appellees as her representative agents. Accordingly, the defense of caveat emptor is inapplicable, and the property being sold "as is" is irrelevant. Nevertheless, appellant was required to demonstrate that the defects were not disclosed and that appellees had knowledge of the defects.
 {¶ 22} First, regarding the roof, the evidence affirmatively demonstrates that appellant was placed on notice of the defective roof, prior to her purchase. Specifically, during her initial visit, appellant and appellees noticed a discolored portion of the ceiling. Appellant and appellees proceeded to examine the seller's disclosure form. The disclosure form indicated that the roof was defective. Moreover, both Jerome and the home inspector advised appellant of the problems with the roof. In fact, the home inspector's report informed appellant that the roof may need to replaced.
 {¶ 23} Clearly, the roof's defects were disclosed to appellant. Thus, this portion of appellant's assignment of error is not well-taken.
 {¶ 24} With respect to the pool and hot tub, the issue of nondisclosure hinges upon appellees' knowledge of any defects. It is well established that "knowledge of a defect is a necessary element to an action for fraudulent nondisclosure." Jarvis v. Gahm (July 11, 1994), 4th Dist. No. 93CA725, 1994 Ohio App. LEXIS 3249, at 11. See, also, Miles v.McSwegin (1979), 58 Ohio St.2d 97; Moreland at ¶ 42. Thus, appellant's evidentiary materials were required to establish that appellees were aware of or had knowledge of the defective pool and hot tub.
 {¶ 25} Appellant failed to submit any evidence that appellees were aware of any defects of the pool and hot tub. Although appellant maintains that appellees told her that the hot tub would be opened and functioning when she took possession of the house, she fails to provide any Civ. R. 56(C) evidence to support this claim. Moreover, this contention fails to affirmatively demonstrate that appellees had any knowledge of the pool and hot tub defects. Appellant's deposition testimony concedes that, other than the roof, appellees were not aware of any other defects.
 {¶ 26} There is simply no evidence that appellees had knowledge of the defective pool and hot tub. Thus, there is no genuine issue of material fact regarding appellees' alleged failure to disclose material defects. This portion of appellant's assignment of error is also not well-taken.
 {¶ 27} Appellant further argues that appellees engaged in fraudulent misrepresentation as their statement that the house was in good condition was false, based upon the defective roof, pool, and hot tub. The elements for a cause of action for fraudulent misrepresentation are: (1) an actual or implied misrepresentation; (2) which is material to the transaction; (3) made with knowledge that the statement is false; (4) with the intent to mislead another; (5) who relies on the misrepresentation; and (6) with resulting injury. Moreland at ¶ 39.
 {¶ 28} Appellant was required to prove that appellees had knowledge their statement that the house was in good condition was false. As discussed previously, there was no misrepresentation made regarding the condition of the roof, as appellant was made aware of the defects prior to her purchase. In addition, we previously determined that appellant had failed to establish appellees had knowledge of the pool and hot tub defects. Accordingly, appellant cannot establish that appellees knew their statement that the house was in good condition was false based upon the defective pool and hot tub.
 {¶ 29} Appellant has failed to present evidence which satisfies all the elements of fraudulent misrepresentation. Thus, as a matter of law, the trial court properly granted summary judgment in favor of appellees. This portion of appellant's assignment of error is not well-taken.
 {¶ 30} Based upon the foregoing analysis, appellant's assignment of error is without merit. We hereby affirm the judgment of the trial court.
Ford, P.J., O'Neill, J., concur.