OPINION
Plaintiff, State Auto Mutual Insurance Co. ("State Auto"), appeals from an order entered pursuant to R.C. 2323.51, awarding attorney's fees in the amount of $5,520.30 to Defendant, Ellen Radatz (f.k.a. Sudwischer), on a finding that State Auto engaged in frivolous conduct in the litigation underlying this appeal. *Page 2 
State Auto commenced the underlying action in 2004 on its right of subrogation to the claims of its insured, which arose from an automobile accident on June 14, 2003 involving a vehicle driven by Radatz's son, James Tatone. State Auto alleged that Tatone was negligent in causing the accident and that Radatz, as owner of the vehicle, was negligent when she entrusted the vehicle to Tatone. State Auto sought damages in the amount it had paid its insured, $9,828.34.
State Auto failed to obtain service on Radatz. However, after learning of the complaint, Radatz contacted State Auto's attorney. Radatz explained that she could not be liable for injuries arising from the June 14, 2003 accident because she transferred ownership of the vehicle to Tatone three weeks prior to the accident, on May 21, 2003, when she endorsed the certificate of title to the vehicle in favor of Tatone. Radatz provided State Auto's attorney with copies of Tatone's application for transfer of title and for a temporary tag.
Lacking any action by State Auto, the trial court dismissed the action for want of prosecution on December 30, 2004. Subsequently, at State Auto's request, the court set aside the dismissal to permit State Auto to obtain service on Radatz. State Auto requested service by certified mail, but provided an incorrect address. When the certified mail was *Page 3 
returned undelivered, State Auto requested service by ordinary mail. Following that, State auto moved for and was granted a default judgment against Radatz on August 8, 2005. In December of 2005, Radatz was notified by the Bureau of Motor Vehicles ("BMV") that her operating privileges were administratively suspended for failure to comply with the financial responsibility requirements of R.C. 4509.01, et seq.
Radatz again contacted State Auto's attorney. Radatz faxed the attorney a copy of a BMV document indicating that the title to the vehicle Tatone drove was transferred from Radatz to Tatone on May 31, 2003, and which identified Tatone as the sole and primary owner. Radatz asked State Auto to agree to vacate the default judgment against her. State Auto refused. Radatz next filed a motion to vacate the default judgment. Following a hearing, the court vacated its default judgment. Radatz then moved for sanctions pursuant to R.C. 2323.51, alleging frivolous conduct on the part of State Auto.
Following a hearing,[1] the court awarded Radatz $5,520.30 as and for her attorney's fees pursuant to R.C. 2323.51, on a finding that State Auto had engaged in frivolous conduct "because its conduct was not warranted under existing law and *Page 4 
not supported by a good faith argument for an extension, modification, or reversal of existing law or establishment of new law." (Entry, July 11, 2006; Dkt. 27). State Auto filed a timely notice of appeal from that order.
ASSIGNMENT OF ERROR
"THE TRIAL COURT INCORRECTLY AWARDED ATTORNEY'S FEES AND DAMAGES TO THE DEFENDANT ELLEN T. RADATZ. A DE NOVO REVIEW SHOWS THAT PLAINTIFF AND ITS COUNSEL'S ACTIONS WERE BASED UPON A REASONABLE INVESTIGATION OF THE FACTS, WHICH GAVE THE PLAINTIFF A GOOD FAITH LEGAL BASIS FOR ITS CONTINUED PROSECUTION OF ITS COMPLAINT AGAINST MS. RADATZ."
R.C. 2323.51(B)(1) authorizes a court to "award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with a civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct." Frivolous conduct is defined by R.C. 2323.51(A)(2)(a)(ii) to include conduct of a party to the civil action that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
We believe that the frivolous conduct implicated by R.C.2323.51(A)(2)(ii) involves proceeding on a legal theory which is wholly unwarranted in law. The theory of State Auto's *Page 5 
claim for relief against Radatz is negligent entrustment, which involves an owner's failure to exercise ordinary care in entrusting an instrumentality to another, whose separate negligence in using that instrumentality acts in concurrence with the owner's negligence to proximately cause injury to another, rendering the owner and the actor each liable. 70 Ohio Jurisprudence 3d., Negligence, § 43. It is difficult to see how State Auto's negligent entrustment theory on which its claim for relief is founded fits the definition of frivolous conduct in R.C. 2323.51(A)(2)(a)(ii).
The crux of Radatz's request for sanctions, and the trial court's findings on which it awarded sanctions pursuant to R.C. 2323.51, was that State Auto improperly continued to prosecute its claim for relief against Radatz after being provided information that plainly showed that Radatz was not the owner of the vehicle that Tatone drove when the accident occurred. Such conduct implicates not theories of law but issues of fact. Ordinarily, a party is not frivolous merely because a claim is not well-grounded in fact. Hickman v. Murray (March 22, 1996), Montgomery App. No. 15030. Nevertheless, because the facts of which State Auto was aware are at variance with the allegations in the pleadings and motion for default judgment it filed, the findings the court *Page 6 
made could permit an award of attorney's fees to Radatz pursuant to Civ.R. 11.
Having reached the cusp of a finding of error, we cannot proceed to that conclusion because we lack jurisdiction to do so. The appellate jurisdiction of this court is limited to review of final judgments or orders. Section 3(B)(2), Article IV, Ohio Constitution. The order the trial court entered pursuant to R.C. 2323.51 affected a substantial right and was entered in a special proceeding, and therefore satisfies the definition of a final order in R.C. 2505.02(B)(2). However, because the trial court has not yet entered a judgment on the rights and liabilities that State Auto's claim for relief against Radatz involves, the judgment the court entered on Radatz's claim for attorney's fees remains subject to revision, and therefore is not final and appealable absent the trial court's certification that there "is no just reason for delay" of appellate review. Civ.R. 54(B). The trial court's order does not bear that certification. Therefore, State Auto's appeal must be Dismissed.
Because the trial court's award of sanctions remains subject to revision, we urge the court to consider Radatz's application for attorney's fees under the provisions of Civ.R. 11. The court is not required to make the award, but the rule *Page 7 
has greater application to Radatz's claims and the facts the court found. The court should also enter a judgment in favor of one of the parties on State Auto's claim for relief against Radatz, and either dismiss the claim for relief against Tatone or permit it to be refiled upon a proper suggestion of his death. Civ.R. 25(A).
Radatz complains in her brief on appeal that the trial court erred when it failed to include in its award the amount of the fee that her expert witness charged for his appearance at the hearing to testify concerning the reasonableness of the fee that Radatz's attorney had charged. Radatz assigns error in that regard. However, she failed to file a notice of cross appeal required by App.R. 3(A) and (4). Therefore, we lack jurisdiction to review the error Radatz assigns.Kaplysh v. Takieddine (1988), 35 Ohio St.3d 170.
The appeal is dismissed for lack of jurisdiction.
WOLFF, P.J. And FAIN, J., concur.
[1] At the hearing, counsel for Radatz advised the court that Tatone is deceased. *Page 1