[Cite as *Troja v. Pleatman*, 2016-Ohio-7683.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GRANT TROJA, | : | APPEAL NOS. C-160447 |
| | | C-160460 |
| Plaintiff, | : | TRIAL NO. A-1307690 |
| vs. | : | *O P I N I O N.* |
| CRYSTA PLEATMAN, | : | |
| and | : | |
| ESTATE OF STEPHEN PLEATMAN, | : | |
| Defendants/Third-Party Plaintiffs-Appellants/Cross-Appellees, | : | |
| | : | |
| vs. | : | |
| SIBCY CLINE, INC., | : | |
| and | : | |
| NAT COMISAR, | : | |
| Third-Party Defendants-Appellees/Cross-Appellants. | : | |

Civil Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Appeal Dimissed in Part

Date of Judgment Entry on Appeal:  November 10, 2016

*Paul Croushore,* for Defendants/Third-Party Plaintiffs-Appellants/Cross-Appellees,

*Lindhorst & Dreidame Co., L.P.A.*, and *James F. Brockman*, for Third-Party Defendants-Appellees/Cross-Appellants.

**MOCK, Judge.**

{¶1}   Plaintiff Grant Troja filed a complaint for breach of a real-estate-purchase contract against defendants/third-party plaintiffs-appellants/cross-appellees the Estate of Stephen Pleatman and Crysta Pleatman (collectively "the Pleatmans"). Steven Pleatman was originally named as a party, but he passed away while this appeal was pending and his estate was substituted as a party. The Pleatmans filed a third-party complaint against third-party defendants-appellees/cross-appellants Sibcy Cline, Inc., and Nat Comisar (collectively "Sibcy Cline") for breach of fiduciary duty, civil conspiracy, and fraud.

{¶2}   The record shows that Troja was the owner of property located at 8625 Pipewell Lane in Indian Hill, Ohio. After signing a contract to purchase the property from Troja, the Pleatmans discovered that Benjamin White lived with his parents next door to the property. In 2003, White had stabbed and severely injured a 13-year-old girl as she jogged in the neighborhood, nearly a mile from the property. White had been convicted of kidnapping and attempted murder, and had been sentenced to ten years in prison. When he was released from prison in 2013, he went to live with his parents. Upon discovering this information, the Pleatmans refused to buy the property and attempted to terminate the contract.

{¶3}   After Troja filed suit for specific performance of the contract, the Pleatmans filed a third-party complaint alleging that their real-estate agent, Sibcy Cline, had breached a fiduciary duty to inform them about the crime, had misrepresented information when Crysta Pleatman had asked about the criminal activity in the neighborhood, and had engaged in a conspiracy to defraud them.

{¶4} During the course of the litigation, Crysta Pleatman sent numerous harassing emails to the parties to the litigation and their attorneys and made inappropriate posts on social media. She continued to contact various individuals even though the trial court had ordered her not to do so. After continued violations of the no-contact order, the trial court found Crysta Pleatman in contempt and sentenced her to five days in jail. In a separate appeal, this court affirmed the contempt finding. *See Troja v. Pleatman*, 1st Dist. Hamilton No. C-150746, 2016-Ohio-5294. The trial court also granted sanctions against the Pleatmans for engaging in frivolous conduct and ordered them to pay Sibcy Cline $5,000 in attorney fees and $10,000 in punitive damages.

{¶5} The trial court granted Sibcy Cline's motion for summary judgment and denied the Pleatmans' motion for partial summary judgment against Sibcy Cline. The case proceeded to trial against Troja, but the Pleatmans settled with Troja midtrial. The Pleatmans then filed a motion asking the court to reconsider its decision granting summary judgment to Sibcy Cline based on the trial testimony of Nat Comisar's alleged supervisor at Sibcy Cline. Sibcy Cline filed a motion to strike the trial testimony appended to the Pleatmans' motion to reconsider. The trial court denied both motions. Both the Pleatmans and Sibcy Cline have appealed the trial court's judgment.

{¶6} In their first assignment of error, the Pleatmans contend that the trial court erred in granting summary judgment in favor of Sibcy Cline and in not reconsidering that decision after the trial of issues relating to Troja. They argue that issues of fact existed as to whether Sibcy Cline had breached its fiduciary duties to the Pleatmans. This assignment of error is not well taken.

{¶7} An appellate court reviews a trial court's ruling on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *McLean v. Roberston*, 1st Dist. Hamilton No. C-150651, 2016-Ohio-2953, ¶ 12. Summary judgment is appropriate if (1) no genuine issue of material fact exists for trial, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the moving party, who is entitled to have the evidence construed most strongly in his or her favor. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977); *McLean* at ¶ 12.

### *Breach of Fiduciary Duty*

{¶8} To maintain a claim for breach of a fiduciary duty, the plaintiff must prove (1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an injury proximately resulting from that failure. *Strock v. Pressnell*, 38 Ohio St.3d 207, 216, 527 N.E.2d 1235 (1988*)*; *Harwood v. Pappas & Assoc.*, 8th Dist. Cuyahoga No. 84761, 2005-Ohio-2442, ¶ 26. A real-estate agent owes a fiduciary duty to his or her clients. *Pandey v. Banachowski*, 10th Dist. Franklin No. 11AP-459, 2011-Ohio-6830, ¶ 27; *Gordon v. Skopos*, 11th Dist. Trumbull No. 2004-T-0111, 2005-Ohio-4900, ¶ 16. A dual agent representing both a buyer and a seller owes a fiduciary duty to both clients. *Levert-Hill v. Associated Holding Group, LLC*, 2012-Ohio-3819, 975 N.E.2d 575, ¶ 32-37 (8th Dist.); *Nunez v. J.L. Sims Co.*, 1st Dist. Hamilton No. C-020599, 2003-Ohio-3386, ¶ 24. A dual agent has a duty to disclose to both parties all nonconfidential information material to the transaction. *Levert-Hill* at ¶ 37; *Hannah v. Sibcy Cline Realtors*, 147 Ohio App.3d 198, 2001-Ohio-3912, 769 N.E.2d 876, ¶ 36 (1st Dist.).

{¶9} R.C. 4735.62 sets forth the statutory duties owed by a real-estate agent to his or her client, although those duties are not exclusive. The real-estate agent must still abide by the common-law fiduciary duties. *Allison v. Cook*, 139 Ohio App.3d 473, 487-488, 744 N.E.2d 254 (12th Dist.2000). The duties set forth in R.C. 4735.62 include "disclosing to the client any material facts of the transaction of which the licensee is aware or should be aware in the exercise of reasonable skill and care and that are not confidential information pursuant to a current or prior agency or dual agency relationship[.]" R.C. 4735.62(F).

{¶10} R.C. 4735.67 provides that:

(A) A licensee shall disclose to any purchaser all material facts of which the licensee has actual knowledge pertaining to the physical condition of the property that the purchaser could not discover by a reasonably diligent inspection, including material defects in the property, environmental contamination, and information that any statute or rule requires to be disclosed. For purposes of this division, actual knowledge of such material facts shall be inferred to the licensee if the licensee acts with reckless disregard for the truth.

(B) A licensee is not required to discover latent defects in the property or to advise on matters outside of the scope of the knowledge required for real estate licensure, or to verify the accuracy or completeness of statements made by the seller, unless the licensee is aware of information that should reasonably cause the licensee to question the accuracy or completeness of such statements.

{¶11} We have found little Ohio case law on the issue of whether a real-estate agent breaches a fiduciary duty by failing to disclose that a convicted criminal lives in

the neighborhood of a subject property. Most cases involving an alleged breach of a fiduciary duty by a real-estate agent relate to a physical defect in the property that was not disclosed. *See Sexton v. Wiley*, 12th Dist. Butler No. CA2004-05-115, 2005-Ohio-2269; *Ruggles v. Russell Realtors*, 9th Dist. Lorain No. 03CA008411, 2004-Ohio-4580. But in *Brannon v. Mueller Realty & Notaries*, 1st Dist. Hamilton No. C-830876, 1984 Ohio App. LEXIS 11140 (Oct. 24, 1984), this court addressed an issue similar to that raised by the Pleatmans. In that case, the property was unoccupied and one of the buyers asked the real estate agent the whereabouts of the owners. The real estate agent said that the family had moved out after the father had died of a heart attack. In reality, the father had committed suicide in the house. The buyers sued for fraud. This court held that absent some evidence of a special sensitivity, the misrepresentation was "not material in a legal sense" because the true state of facts would not have been likely, under the circumstances, to affect the conduct of a reasonable person with reference to a decision to purchase the home. *Id.* at *11-12.

{¶12} Sibcy Cline cites *Spinelli v. Bair*, 5th Dist. Stark No. 1999CA00399, 2000 WL 34335853 (July 3, 2000), in which the previous owners of the property had raped and murdered their own children in the house. The buyers asked the real-estate agent "why the property had been on the market so long, if somebody had been murdered there or something horrible had happened there." The agent responded that the property was "too pricey." The court found that the agent had no duty to reveal the history of the property and that the history of the property was not material to the transaction because "the psychological stigma" associated with the property was not a material defect.

{¶13} We agree with the reasoning of *Brannon* and *Spinelli*. Under the circumstances, we cannot hold that the defect alleged by the Pleatmans was material

6

to the transaction. Sibcy Cline did not have a duty to disclose a nonmaterial defect that did not even involve the property that was the subject of the transaction. *See Hannah*, 147 Ohio App.3d 198, 2001-Ohio-3912, 769 N.E.2d 876.

{¶14} Further, under the contract that the Pleatmans entered into with Troja, the Pleatmans assumed a duty to research and inspect the property. It specifically stated that "Seller makes no representations with regard to conditions outside of the boundaries of the Real Estate, including * * * crime statistics, * * * or any other issues of relevance to the Buyer and Buyer assumes sole responsibility for researching such conditions." Troja also completed and the Pleatmans signed a residential-property-disclosure form. That form provided that "[o]wner makes no representations with respect to any offsite conditions. Purchaser should exercise whatever due diligence purchaser deems necessary with respect to offsite issues that may affect the purchaser's decision to purchase the property." The record shows that the Pleatmans could have readily found information regarding White. *See Nunez*, 1st Dist. Hamilton No. C-020599, 2003-Ohio-3386, at ¶ 24. Real-estate agents do not have a duty to disclose defects unless they are not discoverable by the vendee. *Ruggles*, 9th Dist. Lorain No. 03CA008411, 2004-Ohio-4580, at ¶ 11–17.

{¶15} Additionally, nothing in the record shows that Comisar or Kelly Meyer, another Sibcy Cline agent who dealt with the Pleatmans, knew about White living next door to the property at the time they showed the house. Crysta Pleatman testified in her deposition that she had asked Comisar about crime or other "bad things" that might be associated with the property and that Comisar said that he did not know of any. The Pleatmans did not show that Comisar's statement was false. *See Gordon*, 11th Dist. Trumbull No. 2004-T-0111, 2005-Ohio-4900, at ¶ 24-28. Further, Comisar stated in his affidavit that he had been trained that if he was ever

asked about crime in the neighborhood of a house that he was showing, "to refer that prospective purchaser to the local policy agency."

### *Motion for Reconsideration*

{¶16} Next, the Pleatmans contend that the trial court erred in denying their motion to reconsider its decision granting summary judgment to Sibcy Cline based on the trial testimony of Stephanie Sudback Busam, vice president of Sibcy Cline. Comisar testified that Busam was the broker "that I hang my shingle under" and that he went to her for assistance and advice, but that he was not under her direct control. Busam testified that she was the office manager of Sibcy Cline. She said that she manages about 100 agents, but denied that she had direct control over them.

{¶17} Busam testified that she knew that White had moved next door to the property in June 2013, three months before the contract was signed, and that she knew that the Pleatmans had made an offer on the property in September 2013. But she did not become involved in the transaction until Comisar told her that "there was a complication with the contract." In a series of emails, she advised taking an "aggressive stance" to enforce the contract. She communicated with Troja after he called her for assistance. She acknowledged representing both clients. She stated that either party could have called her for "advice and counsel," but that while Troja had called her, the Pleatmans had not.

{¶18} The motion for summary judgment had already been decided a year before the Pleatmans filed their motion for reconsideration. The Pleatmans had an opportunity to respond to the motion for summary judgment. *See Willis & Linnen Co., L.P.A. v. Linnen*, 163 Ohio App.3d 400, 2005-Ohio-4934, 837 N.E.2d 1263, ¶ 27-29 (9th Dist.). They did not ask for a continuance to conduct further discovery. *See* Civ.R. 56(F). While the trial court had the ability to reconsider its previous decision,

8

it had no obligation to do so. *See Progressive Preferred Ins. Co. v. Hammerlein Helton Ins.*, 170 Ohio App.3d 154, 2006-Ohio-4601, 866 N.E.2d 521, ¶ 7 (1st Dist.); *Hill v. Christ Hosp.*, 131 Ohio App.3d 660, 665, 723 N.E.2d 581 (1st Dist.1998).

{¶19} Nothing in Busam's testimony changes the fact that Sibcy Cline did not owe the Pleatmans a duty to inform them about a nonmaterial defect on property not involved in the transaction, or that, assuming for purposes of argument that it owed a duty, it violated that duty. Further, the Pleatmans asked Comisar about crime in the area, and nothing in the record shows that Comisar's statements that he did not know of anything were false. Busam's knowledge cannot be imputed to Comisar. Consequently, the trial court did not err in denying the Pleatmans' motion for reconsideration, and in granting Sibcy Cline's motion for summary judgment, and we overrule the Pleatmans' first assignment of error.

*Motion for Sanctions*

{¶20} In their second assignment of error, the Pleatmans contend that the trial court erred in awarding sanctions and punitive damages under R.C. 2323.51 against the Pleatmans related to the social-media posts and emails by Crysta Pleatman. They argue that the sanctions violated her First Amendment right to free speech and that her conduct was not frivolous.

{¶21} We find that we do not have jurisdiction to decide issues related to the granting of the motion for sanctions. The entry granting the motion was journalized on June 19, 2015. Motions for sanctions for frivolous conduct under R.C. 2323.51 are generally considered collateral to the underlying action. Thus, a motion for sanctions does not impede the finality of the judgment on the merits of a case. *Evans v. Quest Diagnostics, Inc.*, 1st Dist. Hamilton No. C-140479, 2015-Ohio-3320, ¶ 9; *Zappola v. Rock Capital Sound Corp.*, 8th Dist. Cuyahoga No. 100055, 2014-

Ohio-2261, ¶ 21. A decision granting a motion for sanctions is a final, appealable order as it affects a substantial right made in a special proceeding or upon a summary application in an action after judgment under R.C. 2505.02(B). *State Auto Mut. Ins. Co. v. Tatone*, 2d Dist. Montgomery No. 21753, 2007-Ohio-4726; *Victoria's Garden v. Sheehy*, 10th Dist. Franklin No. 93AP-404, 1993 Ohio App. LEXIS 3759, *4 (July 27, 1993). *See also Monda v. Shore*, 11th Dist. Portage No. 2008-P-0078, 2009-Ohio-2088, ¶ 18-25.

{¶22} Therefore, the Pleatmans should have filed a notice of appeal within 30 days of that entry. Since they did not, we are without jurisdiction to review issues related to the granting of the motion for sanctions. *See In re Ross*, 154 Ohio App.3d 1, 2003-Ohio-4419, 796 N.E.2d 6, ¶ 20 (1st Dist.); *In re Brazile*, 1st Dist. Hamilton No. C-010694, 2002-Ohio-6652, ¶ 14. We, therefore, dismiss that portion of the appeal related to the motion for sanctions.

### *Motion to Strike*

{¶23} In its cross-appeal, Sibcy Cline asserts one assignment of error. It contends that the trial court erred in denying its motion to strike Busam's testimony appended to the Pleatmans' motion to reconsider. Since we have already rejected the Pleatmans' arguments related to the denial of their motion for reconsideration on the merits, we hold that Sibcy Cline's assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

### *Summary*

{¶24} In sum, we hold that the trial court did not err in granting Sibcy Cline's motion for summary judgment, in overruling the Pleatmans' motion for partial summary judgment, or in overruling the Pleatmans' motion for reconsideration.

Therefore, we affirm the trial court's judgment. We dismiss that part of the appeal related to the motion for sanctions because we lack jurisdiction to hear it.

Judgment affirmed and appeal dismissed in part.

**FISCHER, P.J.,** and **DEWINE, J.,** concur.

Please note:

The court has recorded its own entry this date.