[Cite as *Zhong v. Liang*, 2020-Ohio-3724.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

GRACE W. ZHONG,                          :

    Plaintiff-Appellee/           :
    Cross-Appellants,                              No. 109027

    v.                                  :

NELSON LIANG, ET AL.,                    :

    Defendants-Appellants/        :
    Cross-Appellees.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 16, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-898374

---

### *Appearances:*

Michael P. Harvey Co., L.P.A., and Michael P. Harvey, *for appellees and cross-appellants*.

Cavitch, Familo & Durkin, Co., L.P.A., Komlavi Atsou, and Yao Liu, *for appellants and cross-appellees*.

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Nelson Liang ("Liang"), appeals the trial court's imposition of sanctions. He raises two assignments of error for our review:

1. The trial court abused its discretion when it failed to award Liang all reasonable attorney's fees and other reasonable expenses incurred in defending against Appellee Grace Zhong's ("Zhong") frivolous lawsuit.

2. The trial court abused its discretion when it failed to award any sanctions against Zhong's counsel.

{¶ 2} Plaintiff-appellee and cross-appellant, Zhong, appeals the trial court's imposition of sanctions. She lists her assignments of error as follows:

1. Whether this Court, after reviewing this matter *de novo*, will determine that no statutory frivolous conduct occurred.

2. Whether the lower Court's sanction of $7,500.00 against Zhong for suing Nelson Liang was improperly found to be frivolous.

3. Whether Grace Zhong's decision to bring Nelson Liang into the litigation was warranted under existing law, or whether there was a good faith argument for it.

4. Whether the lower court had proper evidence that no reasonable lawyer would have brought Nelson Liang into the litigation.

5. Whether the lower court's decision to award Nelson Liang $7,500.00 was an abuse of discretion and/or was unsupported by the evidence.

6. Whether the lower Court's award of $7,500.00 to Nelson Liang as not a paper member of the limited liability corporation ignored evidence of actions throughout the years and rewarded his subterfuge.

7. Whether the Appellants' failure to provide a transcript from the hearing they requested prohibits the presumption of regularity below.

{¶ 3} Because the trial court's imposition of sanctions is not a final appealable order, we dismiss this appeal and cross-appeal.

## I.    Factual Background and Procedural History

{¶ 4} In May 2018, in Cuyahoga C.P. No. CV-18-898374, Zhong filed a complaint against Asia Plaza Pharmacy, L.L.C. (the "Pharmacy") and Liang, for breach of fiduciary duty, fraud, civil conspiracy, freeze out, accounting, injunctive

relief, breach of contract, minimum wage and overtime, and tortious interference with contract. The complaint alleged that Liang's ex-wife, Hui Min Wang, and Zhong created the Pharmacy, that Zhong invested $40,000 in the Pharmacy, and that Wang pushed Zhong out of the business without refunding Zhong her $40,000 investment. The complaint alleged that Liang was a controlling member of the Pharmacy and that he should be liable for damages to Zhong.

{¶ 5} In July 2018, the trial court consolidated the case with *Grace W. Zhong v. Asia Plaza Pharmacy, L.L.C. & Hui Min Wang*, Cuyahoga C.P. No. CV-17-890108. In September 2018, Liang filed a motion for summary judgment, arguing that Zhong's claims against him fail as a matter of law because Liang was never a member of the Pharmacy. The trial court denied his motion because he filed it without leave and too close to trial.

{¶ 6} In October 2018, the trial court held a three-day joint jury trial for both CV-17-890108 and CV-18-898374. On the second day of trial, after the close of Zhong's case, Liang moved for a directed verdict on all claims against him. The trial court granted Liang's motion, stating in its judgment entry, "The defendant Nelson Liang's motion for a directed verdict on the complaint in 898374 is granted in its entirety." For CV-17-890108, the jury returned a verdict in favor of Zhong.

{¶ 7} In November 2018, in CV-18-898374, Liang filed a Motion for Sanctions Against Plaintiff and Counsel for Frivolous Conduct Pursuant to R.C. 2323.51 and Request for a Hearing (the "Motion for Sanctions"). In the Motion for Sanctions, Liang argued that Zhong's complaint against him was frivolous

because it was based on the "frivolous allegation" that Liang was a member of the Pharmacy. He contended that even before bringing this lawsuit against Liang, Zhong knew that Liang was never a member of the Pharmacy, and Zhong's testimony at trial demonstrated as such. Liang requested compensation for the attorney fees and expenses he incurred to defend himself through trial, of an amount to be determined at a hearing.

{¶ 8} The trial court scheduled a hearing on Liang's Motion for Sanctions for April 1, 2019. On March 26, 2019, Liang filed an expert report. The expert opined that the legal fees Liang incurred were reasonable. Attached to the report were three invoices for legal fees in the amounts of $42,306.50, $730.40, and $260. After the April 1 hearing, Liang filed supplemental invoices in the amounts of $3,353 and $5,760, reflecting the expenses he incurred to prepare for the sanctions hearing.

{¶ 9} On August 22, 2019, the trial court entered a journal entry with a written decision that granted Liang's Motion for Sanctions. In its written decision (the "Sanctions Order"), the trial court explained that Wang and Zhong were the sole members of the Pharmacy. The trial court stated that, "Nelson Liang was never a member of Asia Plaza Pharmacy, L.L.C. Zhong conceded at trial that she never had or saw any documentary evidence showing that Liang was a member." The trial court explained that it granted Liang's motion for directed verdict because Zhong produced no evidence at trial to show that that Liang had a legal relationship with Zhong or that Liang was a party to the Pharmacy's operating agreement. The trial court found that

Zhong engaged in frivolous conduct as set forth in R.C. 2323.51(A)(2) since she made allegations premised on factual contentions that had no evidentiary support at the time they were made and, when she made the contentions, she knew they were unlikely to have evidentiary support even after a reasonable opportunity for further investigation or discovery.

{¶ 10} The trial court awarded Liang $7,500 plus court costs for CV-18-898374 against Zhong. The trial court did not impose sanctions against Zhong's counsel.

{¶ 11} Liang and Zhong now appeal and cross-appeal from the Sanctions Order.

## II.  Law and Analysis

{¶ 12} We cannot reach the merits of this appeal and cross-appeal because the Sanctions Order is not a final appealable order. Therefore, we have no jurisdiction over this appeal and cross-appeal and must dismiss them.

{¶ 13} The jurisdiction of a court of appeals is constitutionally limited to the review of "final" orders. *See* Section 3(B)(2), Article IV, Ohio Constitution. To determine whether an order is final, an appellate court must engage in a two-step process. *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, ¶ 13, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989). "First, it must determine if the order is final within the requirements of R.C. 2505.02. If the court finds that the order complies with R.C. 2505.02 and is in fact final, then the court must take a second step to decide if Civ.R. 54(B) language is required." *Walburn* at ¶ 13.

{¶ 14} R.C. 2505.02(B) defines the types of orders that can be "final." Among those types of final orders are orders that affect a "substantial right made in a special proceeding or upon a summary application in an action after judgment." *See* R.C. 2505.02(B)(2). R.C. 2505.02(A)(2) defines "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity."

{¶ 15} Ohio appellate courts have characterized motions for sanctions for frivolous conduct under R.C. 2323.51 as "special proceedings" or "summary applications" falling within the purview of R.C. 2505.02(B)(2). *Bd. of Cty. Commrs. Of Putnam Cty. v. Patrick Bros.*, 3d Dist. Putnam Nos. 12-18-11 and 12-18-12, 2019-Ohio-3722, ¶ 14; *Troja v. Pleatman*, 1st Dist. Hamilton Nos. C-160447 and C-160460, 2016-Ohio-7683, ¶ 21; *State Auto Mut. Ins. Co. v. Tatone*, 2d Dist. Montgomery No. 21753, 2007-Ohio-4726, ¶ 6; *Victoria's Garden v. Sheehy*, 10th Dist. Franklin No. 93AP-404, 1993 Ohio App. LEXIS 3759, 4 (July 27, 1993); *Zappola v. Rock Capital Sound Corp.*, 8th Dist. Cuyahoga No. 100055, 2014-Ohio-2261, ¶ 21 ("sanctions for frivolous conduct are generally considered to be collateral to the underlying action"); *but see Moskovitz v. Mt. Sinai Med. Ctr.*, 8th Dist. Cuyahoga Nos. 60464 and 61166, 1991 Ohio App. LEXIS 4574 (Sept. 26, 1991) (finding sanctions order was not made in a "special proceeding" based on abrogated definition of "special proceeding").

{¶ 16} In addition to being issued in a special proceeding or summary application, an order falling within R.C. 2505.02(B)(2) must also affect a

"substantial right." R.C. 2505.02(A)(1) defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." A decision granting a motion for sanctions affects a substantial right. *Troja*, 1st Dist. Hamilton Nos. C-160447 and C-160460, 2016-Ohio-7683, at ¶ 21; *State Auto Mut. Ins. Co.*, 2d Dist. Montgomery No. 21753, 2007-Ohio-4726, at ¶ 6. We note that the Sanctions Order was not made "upon summary application in an action after judgment" because, as discussed next, there is no final judgment in CV-17-890108. However, since the Sanctions Order was made in a special proceeding and affects a substantial right, it is a "final order" within the requirements of R.C. 2505.02(B)(2).

{¶ 17} We must next determine whether Civ.R. 54(B) applies and, if so, whether its requirements were met. *Gen. Acc. Ins. Co.*, 44 Ohio St.3d at 22, 540 N.E.2d 266; *Fried v. Abraitis*, 8th Dist. Cuyahoga No. 104650, 2017-Ohio-746, ¶ 5; *State Auto Mut. Ins. Co.*, 2d Dist. Montgomery No. 21753, 2007-Ohio-4726, at ¶ 6. "Civ. R. 54(B) applies in multiple-claim or multiple-party actions where fewer than all the claims or fewer than all the parties are adjudicated." *Gen. Acc. Ins. Co.* at 22. "If a court enters final judgment as to some but not all of the claims and/or parties, the judgment is a final appealable order only upon the express determination that there is no just reason for delay." *Id.*

{¶ 18} While Civ.R.54(B) clearly applies to R.C. 2505.02(B)(1), an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment," it is less clear whether Civ.R. 54(B) applies to

R.C. 2505.02(B)(2). *See, e.g., Garden v. Langermeier*, 2017-Ohio-972, 86 N.E.3d 645, ¶ 13, fn. 1 (explaining that *Gen. Acc. Ins. Co.* has been questioned with respect to R.C. 2502.02(B)(2)); *Guardianship & Protective Servs. v. Setinsek*, 11th Dist. Trumbull No. 2010-T-0099, 2011-Ohio-6515, ¶ 23 (Wright, J., concurring) (advocating that Civ.R. 54(B) should not apply to R.C. 2505.02(B)(2)); Painter and Pollis, *Ohio Appellate Practice*, Section 2:16 (2019). However, we must follow the Ohio Supreme Court's precedent from *Gen. Acc. Ins. Co.* and apply Civ.R. 54(B) to orders that are otherwise "final" under R.C. 2505.02(B)(2).

{¶ 19} Here, Civ.R. 54(B) applies and deprives us of jurisdiction because this is a multiple-claim and multiple-party action where fewer than all of the claims and fewer than all of the parties have been adjudicated. "Individual cases that have been consolidated may not be appealed until the consolidated case reaches its conclusion absent Civ.R. 54(B) certification in the judgment entry." *Keller v. Kehoe*, 8th Dist. Cuyahoga No. 89218, 2007-Ohio-6625, ¶ 8, citing *Whitaker v. Kear*, 113 Ohio App.3d 611, 681 N.E.2d 973 (4th Dist.1996); *see also Maggard v. Zervos,* 11th Dist. Lake No. 2004-L-087, 2004-Ohio-5296, ¶ 3 ("It is well-established that the conclusion of one case in a consolidated action does not constitute a final appealable order."), quoting *Mezerkor v. Mezerkor*, 70 Ohio St.3d 304, 638 N.E.2d 1007 (1994).

{¶ 20} There is no final judgment yet in CV-17-890108, despite the jury verdict, because a motion for prejudgment interest is still pending. Although the docket of CV-17-890108 is not part of our appellate record in this case, we may take

judicial notice of the CV-17-890108 docket entry that the trial court has scheduled a hearing on prejudgment interest for September 3, 2020. *See State v. Cuyahoga Cty. Common Pleas Court*, 8th Dist. Cuyahoga No. 108974, 2019-Ohio-3782, ¶ 5 (taking judicial notice that bail had been posted in a related criminal case); *In re N.V.*, 8th Dist. Cuyahoga No. 104738, 2017-Ohio-975, ¶ 19 (taking judicial notice of a judgment in a related juvenile case); *Sultaana v. Horseshoe Casino*, 8th Dist. Cuyahoga No. 102501, 2015-Ohio-4083, ¶ 4 (taking judicial notice that the plaintiff in the civil case before it was convicted in the underlying criminal case); *State ex rel. Ormond v. Solon*, 8th Dist. Cuyahoga No. 92272, 2009-Ohio-1097, ¶ 15 ("Although this court's ability to take judicial notice is not unbridled, we may take judicial notice of findings and judgments as rendered in other Ohio cases."). A judgment is not final if a motion for prejudgment interest remains pending. *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, 866 N.E.2d 1059; *Zappola,* 8th Dist. Cuyahoga No. 100055, 2014-Ohio-2261, at ¶ 25.

{¶ 21} Here, the trial court consolidated CV-17-890108 and CV-18-898374 in July 2018, held a joint trial on both cases, and never unconsolidated them. The trial court granted Liang's motion for a directed verdict on all Zhong's claims against him, and the jury entered judgment in Zhong's favor for her claims against Wang and the Pharmacy. While the trial court entered its judgment on Liang's Motion for Sanctions on August 22, 2019, the trial court has yet to determine whether Zhong is entitled to prejudgment interest in CV-17-890108. Moreover, the Sanctions Order does not contain the Civ.R. 54(B) language that there is no just reason for delay.

{¶ 22} Accordingly, we have no jurisdiction over this appeal and cross-appeal.

{¶ 23} Appeal and cross-appeal dismissed.

 It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of their entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
LARRY A. JONES, SR., J., CONCUR