[Cite as *Hopkins v. Goebel*, 2023-Ohio-3040.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TIMOTHY J. HOPKINS, | : | APPEAL NO. C-220617 |
| | | TRIAL NO. A-2104001 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| CHARLES GOEBEL, | : | |
| | | |
| and | : | |
| | | |
| DIANE GOEBEL, | : | |
| | | |
| Defendants-Appellants. | : | |


Civil Appeal From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part and Appeal Dismissed in Part

Date of Judgment Entry on Appeal: August 30, 2023


*George M. Parker*, for Plaintiff-Appellee,

*Thomas E. Grossmann*, for Defendants-Appellants.

**BERGERON, Presiding Judge.**

{¶1}    One chapter of a protracted litigation battle between plaintiff-appellee Timothy Hopkins and defendants-appellants Charles and Diane Goebel seemingly drew to a close when the trial court dismissed the suit on venue grounds.  Unwilling to let sleeping dogs lie, however, the Goebels moved to sanction Mr. Hopkins, insisting that he knew full well that he had filed in the wrong court.  Following a hearing, the trial court denied the motion.  Undeterred, the Goebels then launched a second motion for sanctions, alleging that counsel spun lies to the trial court during the prior hearing.  After the trial court denied this second motion, the Goebels appealed to this court, seeking to challenge the ruling on both motions.  But we find any appeal from the first motion's denial untimely, and we accordingly dismiss aspects of the appeal implicating that entry.  On the substance of the entry denying the second motion, we find no abuse of discretion by the trial court and affirm its judgment.

I.

{¶2}    In November 2021, Mr. Hopkins filed suit in Hamilton County against the Goebels, alleging that they breached a settlement agreement the parties signed in March 2021.  This agreement resolved an earlier lawsuit against Mr. Hopkins initiated by the Goebels in Warren County (the "first lawsuit").

{¶3}    The Goebels subsequently moved to dismiss for improper venue on the basis that Warren County represented the "exclusive jurisdiction" over all actions related to the settlement agreement (and invoked the jurisdictional priority rule based on another case filed in Warren County).  Finding improper venue in Hamilton County, the trial court dismissed Mr. Hopkins' complaint in May 2022.

**{¶4}** Convinced that Mr. Hopkins and his counsel knew that they lacked legitimate grounds to file suit in Hamilton County, the Goebels filed a motion to sanction Mr. Hopkins in May 2022 for engaging in frivolous conduct. *See* Civ.R. 11; R.C. 2323.51. The trial court scheduled a hearing on this first sanctions motion pursuant to R.C. 2323.51(B)(2). During the hearing, Mr. Hopkins' counsel informed the trial court that while his client was being "served with a post-dismissal" of the first lawsuit, "he was, essentially, harassed at his home in *Indian Hill*" by process servers, thus creating a potential basis for filing suit in Hamilton County. (Emphasis added.) The trial court denied the motion for sanctions by entry in August 2022.

**{¶5}** Dissatisfied, the Goebels filed a subsequent motion for sanctions on the basis that Mr. Hopkins and his attorney made false representations to the trial court at the hearing on the first motion. *See* R.C. 2323.51. In November 2022, the trial court denied the second motion as well. The Goebels filed a notice of appeal that same month.

## II.

**{¶6}** In their sole assignment of error, the Goebels argue that the trial court erred in concluding that Mr. Hopkins did not engage in frivolous conduct when he (1) filed his suit in Hamilton County as opposed to Warren County (the subject of the first motion) and (2) made false representations to the trial court at the hearing on the first motion (the subject of the second motion). Before we consider these questions, Mr. Hopkins raises a final appealable order issue with the Goebels' appeal that we must address at the outset.

A.

{¶7}    In challenging jurisdiction, Mr. Hopkins emphasizes that, while the Goebels filed their notice of appeal within 30 days of the *second* motion's denial, the notice of appeal was not filed within 30 days of the *first* motion's denial.  According to Mr. Hopkins, since the denial of the first motion by the trial court constituted a final appealable order, it would render the Goebels' appeal untimely with respect to the trial court's decision on that motion.  *See* App.R. 4(A)(1) ("[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal * * * within 30 days of that entry.").

{¶8}    To be sure, the Goebels' brief before this court raises arguments that implicate the denial of both motions.  Thus, we must determine whether the August entry denying the first motion represents a final appealable judgment, obliging us to consider R.C. 2505.02.  *See Peck v. Tokar*, 11th Dist. Geauga No. 2016-G-0086, 2016-Ohio-8112, ¶ 4 ("For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 * * *.").  Consistent with the statute, an order can be final and appealable if it "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment * * *[.]" R.C. 2505.02(B)(2).

{¶9}    We note that "Ohio appellate courts have characterized motions for sanctions for frivolous conduct under R.C. 2323.51 as 'special proceedings' or 'summary applications' falling within the purview of R.C. 2505.02(B)(2)." *Zhong v. Liang*, 8th Dist. Cuyahoga No. 109027, 2020-Ohio-3724, ¶ 15; *see Victoria's Garden v. Sheehy*, 10th Dist. Franklin No. 93AP-404, 1993 Ohio App. LEXIS 3759, 4 (July 27, 1993), citing R.C. 2505.02(B)(2) ("The process for filing a post-judgment motion for sanctions calls for a hearing, but does not call for a full-fledged trial on the claims for

4

frivolous behavior. This is the type of 'summary application' R.C. 2505.02 defines as a final order."); *Troja v. Pleatman*, 2016-Ohio-7683, 65 N.E.3d 809, ¶ 21 (1st Dist.) ("A decision granting a motion for sanctions is a final, appealable order as it affects a substantial right made in a special proceeding or upon a summary application in an action after judgment under R.C. 2505.02(B).").

{¶10} Unable to dispute these principles, the Goebels instead characterize the August entry as merely interlocutory because the court did not rule on their motion for attorney's fees pursuant to Civ.R. 11 or Civ.R. 3(D)(2). In other words, they claim that the court still had work left to do. But this description is completely inaccurate— the court denied the entirety of the sanctions motion in its August 2022 entry: "A hearing was conducted pursuant to R.C. § 2323.51. * * * Having considered the motion and the oral arguments of the parties * * * the Court finds that *the motion is not well taken* and **DENIES** the same." (Emphasis added.) Although the trial court only mentioned R.C. 2323.51 by name (because the hearing occurred pursuant to it), it denied all of the relief sought in the motion. *See* R.C. 2323.51(B)(2)(a) ("An award may be made [for sanctions] * * *, but only after the court * * * [s]ets a date for a hearing * * *."). The Goebels fail to cite any authority requiring a trial court to specifically delineate each aspect of a motion in its entry denying it. Because the trial court denied all aspects of the motion, we hold that the August entry was a final appealable order under R.C. 2505.02.

{¶11} With that determination, the Goebels' failure to file their notice of appeal within the requisite time of the August 2022 entry under App.R. 4(A)(2) strips us of jurisdiction to consider the merits of anything pertaining to the denial of the first motion for sanctions. We therefore dismiss the Goebels' appeal in part for a lack of

timeliness, and we cannot consider any arguments relating to the denial of the first motion for sanctions.

B.

{¶12} We do, however, have appellate jurisdiction to consider the Goebels' appeal to the extent that they challenge the denial of the second motion for sanctions because they filed their notice of appeal within thirty days of that entry, consistent with App.R. 4(A)(2). And we consider this question for an abuse of discretion: "We review [a] trial court's decision on a motion for sanctions under an abuse-of-discretion standard." *Polk v. Spirit Homecare, Inc.*, 1st Dist. Hamilton No. C-120088, 2012-Ohio-4948, ¶ 4, citing *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11.

{¶13} As evidence of frivolous conduct, the Goebels seize upon alleged factual misrepresentations that occurred at the hearing on the first motion. R.C. 2323.51(A)(2)(a)(iii) (" 'Frivolous conduct' means * * *: Conduct of an inmate or other party to a civil action * * * that satisfies any of the following: * * * The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."). In this respect, they offered documentation that, after filing a second lawsuit against Mr. Hopkins—stemming from his alleged breach of the settlement agreement—their process servers attempted service multiple times upon him at his Mason residence in Warren County, rather than in Hamilton County. They also provided an affidavit of their process server in which the server claimed that he attempted to serve Mr. Hopkins in Warren County and never sought to do so in Hamilton County.

6

{¶14} But the Goebels' alleged proof does not demonstrate that Mr. Hopkins made a false representation to the trial court. According to his counsel, the alleged harassment in Hamilton County related to service of a dismissal of the *first lawsuit*; whereas all of the Goebels' "proof" of sanctionable conduct concerns a *second lawsuit*. In light of this mixing of apples with oranges, the trial court acted well within its discretion in denying the second motion for sanctions. *See Polk* at ¶ 6, quoting *Poindexter v. Grantham*, 8th Dist. Cuyahoga No. 95825, 2011-Ohio-1576, ¶ 12 ("[A]ppellate courts will find an abuse of discretion on the part of the trial court when it arbitrarily denies a request for sanctions. * * * 'An arbitrary denial occurs when * * * the record clearly evidences frivolous conduct * * *.' ").

{¶15} The Goebels further protest that the trial court should have held an additional hearing on the second motion. But "R.C. 2323.51 does not mandate that a hearing be conducted to determine whether a particular action involves frivolous conduct, but does require that [a hearing must be held] if attorney's fees are to be ultimately awarded * * *." *Polk*, 1st Dist. Hamilton No. C-120088, 2012-Ohio-4948, at ¶ 6. Since attorney's fees were not ultimately awarded, the trial court did not need to hold a hearing on the second motion.

{¶16} For all the reasons discussed above, we overrule all aspects of the Goebels' assignment of error over which we have jurisdiction.

\* \* \*

{¶17} In light of the foregoing analysis, we dismiss the Goebels' appeal in part, overrule their assignment of error in part and affirm the trial court's judgment.

Judgment accordingly.

**BOCK** and **KINSLEY, JJ.,** concur.

7

Please note:

The court has recorded its entry on the date of the release of this opinion.