OPINION
{¶ 1} Plaintiff-appellant, Stacey Charice Jackson ("Jackson"), appeals the February 2, 2004 judgment entry of the Lake County Court of Common Pleas, Juvenile Division, ordering her to pay guardian ad litem fees. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On April 1, 1997, Jackson filed a complaint to establish a parent-child relationship between Timothy W. Herron ("Herron") and Alexander Solomon Herron ("Alexander"), born June 21, 1994. After Herron's paternity of Alexander was established, the juvenile court ordered Herron to pay child support and the parties began disputing about Alexander's custody, which dispute continues to this day.
 {¶ 3} On February 23, 1998, the juvenile court appointed Brett Plassard ("Plassard"), Esq., guardian ad litem for Alexander. Plassard has acted as Alexander's guardian since that time, attending hearings and filing periodic status reports.
 {¶ 4} On January 26, 2004, Plassard filed a motion "requesting that th[e] Court order the parties to submit additional fees to cover services that have been rendered and will continue to be rendered" in the amount of "$500.00 per party." Jackson filed a response asserting her indigency and requesting that Plassard be appointed at public expense. On February 2, 2004, the juvenile court granted Plassard's motion, noting that Jackson's "objection to payment of GAL fees upon the basis that she allegedly is indigent is without merit for the reason that GAL fees constitute Child Support."
 {¶ 5} Jackson timely appeals and raises the following assignment of error: "The trial court abused its discretion when it ordered an indigent party to pay guardian ad litem fees because they constitute child support."
 {¶ 6} The Ohio Rules of Civil Procedure provide that, "[w]hen it is essential to protect the interests of a child, the court may * * * appoint a guardian ad litem * * * for the child and tax the costs." Civ.R. 75(B)(2); cf. R.C. 3109.04(B)(2)(a) (when a court conducts an in camera interview with a child who is the subject of a custody proceeding, "[t]he court, in its discretion, may * * * appoint a guardian ad litem for the child").
 {¶ 7} Initially, we will address the issue of whether a judgment entry ordering parties to pay guardian ad litem fees constitutes a final appealable order. A "final order" includes "[a]n order that affects a substantial right made in a special proceeding." R.C. 2505.02(B)(2). A "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). The Ohio Supreme Court has held that "[p]roceedings in the juvenile division, including parentage actions, are special statutory proceedings" under the Civil Rules. State ex rel. Fowler v. Smith, 68 Ohio St.3d 357,360, 1994-Ohio-302; State ex rel. Papp v. James,69 Ohio St.3d 373, 379, 1994-Ohio-86.
 {¶ 8} A "substantial right" is a right that "a statute * * * or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Additionally, to affect a substantial right, the order must "be one which, if not immediately appealable, would foreclose appropriate relief in the future."Bell v. Mt. Sinai Med Ctr. (1993), 67 Ohio St.3d 60, 63. The right to have guardian ad litem fees taxed as costs is one conferred by the Rules of Civil Procedure and, thus, constitutes a substantial right. We also find that the order requiring Jackson to pay Plassard's fees, if not immediately appealable, does not afford appropriate relief in the future. The litigation over Alexander's custody will potentially continue until Alexander reaches the age of majority. By that time, the present issue will be over eight years old and meaningful review will be precluded. Moreover, the issue of guardian ad litem fees will continue to recur in the course of these proceedings.
 {¶ 9} Alternatively, the juvenile court's order constitutes an "order that grants or denies a provisional remedy and * * * which * * * determines the action with respect to the provisional remedy and * * * [t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings * * * in the action." R.C.2505.02(B)(4)(a) and (b). A "provisional remedy" is broadly defined as "a proceeding ancillary to an action." R.C.2505.02(A)(3). Plassard's motion for fees was ancillary to the ongoing proceedings regarding custody, support, and contempt. As discussed above, Jackson could not obtain meaningful review at a latter time in light of the ongoing nature of the proceedings.
 {¶ 10} For the foregoing reasons, we hold the juvenile court's February 2, 2004 judgment entry is a final order subject to our review.
 {¶ 11} A trial court's decision on motions for costs and/or attorney fees is reviewed under an abuse of discretion standard.
 {¶ 12} The Ohio Supreme Court has held that, "[b]y being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as part of the court's judgment." Strattman v. Studt (1969),20 Ohio St.2d 95, 103. This court, relying on Strattman, has held that court costs may be imposed on indigent criminal defendants. State v.Glavic, 11th Dist. Nos. 2001-L-177 and 2001-L1-79, 2003-Ohio-6961, at ¶¶ 46-53; State v. White,103 Ohio St.3d 580, 2004-Ohio-5989, paragraph one of the syllabus. "[I]t is our position that * * * the imposition of court costs on [an indigent defendant] is not an infringement of his rights nor does it violate any statute." Glavic, 2003-Ohio-6961, at ¶ 53. Jackson has cited to no authority prohibiting the assessment of costs, including guardian ad litem fees, against an indigent party in a civil action. Accordingly, we hold that court costs, including guardian ad litem fees pursuant to Civ.R. 75(B)(2), may be imposed on an indigent civil litigant. Strattman,20 Ohio St.2d 95, at paragraph six of the syllabus ("The duty to pay court costs is a civil obligation arising from an implied contract.").
 {¶ 13} The juvenile court rejected Jackson's argument that guardian ad litem fees could not be imposed on an indigent party on the grounds that guardian ad litem fees constitute child support. The juvenile court's ruling is supported by a decision of the United States Bankruptcy Court for the Northern District of Ohio, which held that the nature of the duties performed by a guardian ad litem "is clearly within the nature of support to meet the needs of the minor child." In re Lever (N.D.Ohio 1991), 174 B.R. 936, 942, citing Civ.R. 75(B)(2) and R.C.2111.23. As such, guardian ad litem fees, like a child support obligation, is a nondischargeable debt. Id.
 {¶ 14} Jackson's sole assignment of error is without merit. The decision of the Lake County Court of Common Pleas, Juvenile Division, ordering Jackson to pay guardian ad litem fees is affirmed.
Ford, P.J., Rice, J., concur.