[Cite as *E.A.K.M. v. M.A.M.*, 2024-Ohio-967.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | |
|---|---|
| E.A.K.M., | : |
| Plaintiff-Appellant, | : |
| v. | : |
| M.A.M., | : |
| Defendant-Appellee | : |
| [Peter Stephen Kirner – Third Party Intervenor-Appellee] | : |

No. 112833

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** March 14, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-23-393284

---

### *Appearances:*

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring, *for appellant.*

Kirner & Boldt Co., LPA, and Peter S. Kirner, *for appellee* guardian ad litem, Peter Stephen Kirner.

MARY J. BOYLE, J.:

{¶ 1} Plaintiff-appellant, E.A.K.M. ("Father"), appeals from the domestic relations court's judgment awarding third-party intervenor-appellee, the guardian

ad litem ("GAL"), fees in the newly filed underlying action for services and expenses associated with the parties' previous divorce action, which was dismissed without prejudice. For the reasons set forth below, we vacate the court's judgment ordering Father and M.A.M. ("Mother") to pay the GAL fees.

## I. Facts and Procedural History

{¶ 2} Father and Mother were married in 2006, and four children were born as issue of their marriage, all minors. Mother filed a complaint for divorce in April 2019 in Case No. DR-19-376296 ("2019 case").[1] Father filed a counterclaim for divorce in June 2019. The parties jointly requested a GAL, which the court appointed in July 2019. This matter proceeded to trial before the magistrate in November 2022. At trial, Mother made an oral motion to voluntarily dismiss her complaint under Civ.R. 41(A). The magistrate then issued a decision on December 28, 2022, dismissing Mother's complaint and Father's counterclaim without prejudice and dismissing all pending motions as moot.[2] Neither of the parties, nor the GAL filed objections to the magistrate's decision. On January 17, 2023, the court

---

[1] Although the docket of the 2019 case is not part of our appellate record, we may take judicial notice of the docket entries in this case. *Zhong v. Liang*, 2020-Ohio-3724, 155 N.E.3d 1042, ¶ 20 (8th Dist.), citing *State v. Cuyahoga Cty. Common Pleas Court*, 8th Dist. Cuyahoga No. 108974, 2019-Ohio-3782, ¶ 5; *In re N.V.*, 8th Dist. Cuyahoga No. 104738, 2017-Ohio-975, ¶ 19; *Sultaana v. Horseshoe Casino*, 8th Dist. Cuyahoga No. 102501, 2015-Ohio-4083, ¶ 4; *State ex rel. Ormond v. Solon*, 8th Dist. Cuyahoga No. 92272, 2009-Ohio-1097, ¶ 15.

[2] We note that on January 10, 2023, Mother filed a notice of voluntary dismissal. The court dismissed this notice as moot, finding that Mother made an oral motion for voluntary dismissal at trial and the magistrate issued its decision, which was adopted by the court, dismissing Mother's complaint and Father's counterclaim.

adopted the magistrate's decision in its entirety. Again, neither of the parties, nor the GAL, filed an appeal from the judgment entry adopting the magistrate's decision.

{¶ 3} Following the dismissal of the 2019 case, Mother filed a complaint for divorce in Case No. DR-23-393084 on January 10, 2023.[3] The next day, Mother filed a motion to preserve all orders from the 2019 case and carry them over into the newly filed case. The court granted this motion on January 19, 2023. On January 25, 2023, Father filed his own complaint for legal separation in the underlying matter (Case No. DR-23-393284). Mother sought to consolidate the underlying matter with the case she initiated on January 10, 2023, and sought to preserve all orders from the 2019 case. Father opposed Mother's motions to consolidate and preserve the orders. On February 16, 2023, the court granted Mother's motion to consolidate finding that

> both parties have filed complaints in this Court on a divorce, legal separation, or annulment matter, pursuant to Loc. R. 2(A), Case No. DR23 393084 is hereby consolidated into this current matter, DR23 393284, in which service was perfected first, and shall be assigned to Judge Tonya R. Jones.
>
> Further, the complaint filed under Case No. DR23 393084 shall operate as a counterclaim under Case No. DR2[3] 393284, upon service thereof. Any orders issued prior to consolidation shall remain in full force and effect.

(Judgment entry, Feb. 16, 2023.)

{¶ 4} Then on March 17, 2023, the court, sua sponte, issued a judgment entry in the underlying matter finding that the January 19, 2023 judgment entry

---

[3] We likewise take judicial notice of the docket entries in DR-23-393084 even though the docket of this case is not part of our appellate record. *Zhong* at ¶ 20.

filed in Case No. DR-23-393084, which was prior to the case consolidation in this matter, should be vacated and denied Mother's motions to preserve orders.

{¶ 5} On April 25, 2023, the GAL, who is the same GAL from the 2019 case, filed a motion for fees totaling $17,791.44. The GAL's motion stated that Mother owes $9,068.44 and Father owes $8,723.00. The statement provided by the GAL itemizes the services rendered from July 2019 – April 2023.[4] On May 18, 2023, the court granted the GAL's motion, ordering that Mother pay the GAL $9,068.44 and Father pay $8,723.00. The court stated that the GAL

> has expended 363 hours in this case through and including April 18, 2023. The majority of the billing took place on a prior case, (DR 19 376298) as well as a duration of time between the dismissal of that case and the beginning of the current case. The Court finds that for that short duration of time between the dismissal and refiling of this matter, the GAL continued to act in his role as GAL and shall be paid for his time consistent with the prior and current order[.] The Court further finds that ALL of said services were necessary and reasonable in light of the facts and circumstances of this case.
>
> Under the facts of this case and the evidence presented, the services the Guardian Ad Litem has rendered to the present date were necessary, and the amount of time the Guardian Ad Litem expended on such services is fully compensable.

(Judgment entry, May 18, 2023.)

{¶ 6} Father appealed from this order. We dismissed the appeal for lack of final appealable order, stating that "[a]n order to pay GAL fees, without a final decision as to custody, is an interlocutory order and is not final and appealable." (Judgment entry, June 15, 2023.) Father then sought reconsideration of the

---

[4] On May 2, 2023, the court, sua sponte, appointed the GAL from the 2019 case to the underlying action.

dismissal.  Father argued that the domestic relations court was without jurisdiction to order the GAL fees incurred in the 2019 case because that case was dismissed without prejudice.  Subsequently, we granted Father's reconsideration in July 2023, noting that the circumstances of this appeal are unusual and allowed the GAL to intervene.

{¶ 7} Father now raises the following two assignments of error for review:

> **Assignment of Error I:**  The trial court lacked jurisdiction to award the GAL fees and expenses incurred under a prior case that was previously dismissed without prejudice.

> **Assignment of Error II:**  The trial court erred as a matter of law and abused its discretion by "rubber stamping" a magistrate's decision.

## II.  Law and Analysis

{¶ 8} Before considering the merits of Father's assignments of error, we must first determine whether we have jurisdiction to review the court's judgment awarding GAL fees.

### A. Final Appealable Order

{¶ 9} The Ohio Constitution limits appellate jurisdiction to the review of final judgments.  Article IV, Section 3(B)(2), Ohio Constitution.  "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed."  *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6, citing *McKenzie v. Payne*, 8th Dist. Cuyahoga No. 83610, 2004-Ohio-2341; R.C. 2505.02; R.C. 2505.03.

{¶ 10} R.C. 2505.02(B) identifies the types of orders that qualify as final, appealable orders. R.C. 2505.02(B)(2) defines a "final order" to include "an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." "Special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). The Ohio Supreme Court has held that a divorce action qualifies as a special proceeding. *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239, ¶ 12, citing *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 6. A "substantial right" is a right that "the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). "[A]n order affects a substantial right for purposes of R.C. 2505.02(B)(2) only if 'in the absence of immediate review of the order [the appellant] will be denied effective relief in the future.'" *Thomasson* at ¶ 10, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

{¶ 11} In this case, Father appeals the court's award of GAL fees in the underlying action for services rendered by the GAL in the 2019 divorce case, which was dismissed without prejudice in January 2023. We recognize that two appellate district courts have found "that an order to pay GAL fees, without a final decision as to custody, is an interlocutory order and is not final and appealable." *Taphorn v. Caudill-Taphorn*, 5th Dist. Knox No. 13CA18, 2014-Ohio-587, ¶ 18, citing *Smith v.*

*Quigg*, 5th Dist. Fairfield Nos. 05-CA-61, 05-CA-62, and 05-CA-79, 2006-Ohio-1670, ¶ 10; *Rose v. Rose*, 5th Dist. Richland No. 2008 CA 0065, 2009-Ohio-1479, ¶ 13, FN. 1; *Davis v. Lewis*, 10th Dist. Franklin No. 99AP-814, 2000 Ohio App. LEXIS 5747 (Dec. 12, 2000). We find that these cases are distinguishable from the matter before us because the nature of the trial court's decision as to the GAL was interlocutory.

{¶ 12} Whereas, the Eleventh District Court of Appeals has held that a judgment entry ordering the parties to pay GAL fees is a final appealable order. *Jackson v. Herron*, 11th Dist. Lake No. 2004-L-045, 2005-Ohio-4039; *Bayus v. Bayus*, 11th Dist. Trumbull No. 2011-T-0062, 2012-Ohio-1462. We find that the matter before us is more akin to *Jackson* and the cases from the Eleventh District.

{¶ 13} In *Jackson*, there was an ongoing custody dispute in juvenile court between the parties. The juvenile court appointed a GAL and ordered the parties to pay the GAL fees. The mother objected, arguing she was indigent and requested the GAL be appointed at public expense. The juvenile court denied the motion and the mother appealed. *Id.* at ¶ 2-5. The *Jackson* Court addressed the issue of whether a judgment entry ordering parties to pay guardian ad litem fees constituted a final appealable order. The court stated:

> [T]he right to have guardian ad litem fees taxed as costs is one conferred by the Rules of Civil Procedure and, thus, constitutes a substantial right. We also find that the order requiring [the mother] to pay [the GAL's] fees, if not immediately appealable, does not afford appropriate relief in the future. The litigation over [the child's] custody will potentially continue until [the child] reaches the age of majority. By that time, the present issue will be over eight years old and

> meaningful review will be precluded. Moreover, the issue of guardian
> ad litem fees will continue to recur in the course of these proceedings.

*Id.* at ¶ 8.

**{¶ 14}** The factual scenario in the present case is comparable to the facts in *Jackson*. Here, the parties were ordered to pay the GAL a total of $17,791.44 for services rendered in the 2019 divorce case, which was dismissed without prejudice in January 2023. Neither of the parties, nor the GAL, objected to the magistrate's decision or appealed the court's judgment entry adopting the magistrate's decision. A dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced. *State ex rel. Northpoint Properties, Inc. v. Markus*, 8th Dist. Cuyahoga No. 82848, 2003-Ohio-5252, ¶ 31, citing *Denham, Admr. v. New Carlisle*, 86 Ohio St.3d 594, 716 N.E.2d 184 (1999); *Zimmie v. Zimmie*, 11 Ohio St.3d 94, 464 N.E.2d 142 (1984); *Deville Photography, Inc. v. Bowers*, 169 Ohio St. 267, 159 N.E.2d 443 (1959); *Conley v. Jenkins*, 77 Ohio App.3d 511, 602 N.E.2d 1187 (1991); *Stafford v. Hetman*, 8th Dist. Cuyahoga No. 72825, 1998 Ohio App. LEXIS 2402 (June 4, 1998); *Leonard Stratton, et al. v. Odessey Homes, Inc., et al.*, 8th Dist. Cuyahoga No. 74068, 1998 Ohio App. LEXIS 4304 (Sept. 17, 1998).

**{¶ 15}** Because the domestic relations court no longer had jurisdiction over the 2019 case, the order requiring the parties to pay the GAL's fees in the underlying action, similar to the order in *Jackson*, if not immediately appealable, affects Father's substantial rights that in effect determines the action. The divorce

proceedings have been pending for nearly four years. If Father waits to file an appeal following the resolution of all the claims in the underlying action, he will be precluded from meaningful review and will not be afforded appropriate relief in the future. Thus, based on the facts and circumstances of this case, we find that the domestic court's judgment awarding the GAL fees in the underlying action is a final and appealable order.

{¶ 16} Having found a final appealable order, we now address the merits of Father's assignments of error.

### B. Voluntary Dismissal and the Domestic Relations Court's Jurisdiction

{¶ 17} In the first assignment of error, Father argues that the domestic relations court lacked jurisdiction to order, in the underlying action, the GAL fees incurred in the 2019 case, which was previously dismissed without prejudice. We agree.

{¶ 18} The lengthy procedural history of the parties' divorce began in April 2019. The GAL was appointed in July 2019 and began to render services that same month. Ultimately, the matter was set for trial in before a magistrate on November 22, 2022. Prior to trial, the GAL filed a motion for fees and a notice of his report. At trial, Mother moved to voluntarily dismiss the case under Civ.R. 41(A), without prejudice. The magistrate issued a decision on December 28, 2022, dismissing Mother's complaint and Father's counterclaim without prejudice. The magistrate did not specifically address the GAL's motion, nor did it award the GAL fees. Rather,

the magistrate dismissed all pending motions as moot. Neither of the parties, nor the GAL, filed objections to this decision. Then on January 17, 2023, the court adopted the magistrate's decision in its entirety. Again, neither of the parties, nor the GAL, filed an appeal from the judgment entry adopting the magistrate's decision.

{¶ 19} In January 2023, the underlying action was initiated. In April 2023, the GAL filed his fee motion in the underlying action for services rendered from July 2019 through April 2023. The domestic relations court appointed the GAL in the underlying action, sua sponte, in May 2023 and ordered the parties to pay the GAL $17,791.44, which included fees incurred during the timeframe when the GAL was not yet appointed in this newly filed action. As discussed above, a dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced. *Northpoint Properties*, 8th Dist. Cuyahoga No. 82848, 2003-Ohio-5252 at ¶ 31, citing *Denham*, 86 Ohio St.3d 594, 716 N.E.2d 184 (1999); *Zimmie*, 11 Ohio St.3d 94, 464 N.E.2d 142 (1984); *Deville Photography*, 169 Ohio St. 267, 159 N.E.2d 443 (1959); *Conley*, 77 Ohio App. 3d 511, 602 N.E.2d 1187 (4th Dist. 1991); *Stafford*, 8th Dist. Cuyahoga No. 72825, 1998 Ohio App. LEXIS 2402 (June 4, 1998); *Leonard Stratton*, 8th Dist. Cuyahoga No. 74068, 1998 Ohio App. LEXIS 4304 (Sept. 17, 1998). "[W]hen a trial court unconditionally dismisses a case * * *, the trial court patently and unambiguously lacks jurisdiction to proceed[.]" *Id*. at ¶ 19, citing *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 656 N.E.2d 1288 (1995), citing *State ex rel. Hunt v. Thompson*, 63

Ohio St.3d 182, 586 N.E.2d 107 (1992), and *State ex rel. Rice v. McGrath*, 62 Ohio St.3d 70, 577 N.E.2d 1100 (1991).

{¶ 20} In light of the foregoing, we find that the domestic relations court was patently and unambiguously without jurisdiction to order the GAL fees in the underlying action because the 2019 case was dismissed without prejudice. The 2019 case is treated as though it never commenced, and as a result, the domestic relations court could not have ordered the parties to pay the GAL fees from the 2019 case in the underlying action.

{¶ 21} Nothing herein should be construed as suggesting that the GAL could not be paid for his fees.[5] The GAL had avenues to get his fees awarded. Loc.R. 35 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division(E)(3)(a), provides that "[t]he guardian ad litem shall submit a motion for payment at the conclusion of the case. The motion must itemize the duties performed, time expended, and expenses incurred." Thus, the GAL could have filed an objection to the magistrate's December 2022 decision in the 2019 case dismissing the case and all pending motions as moot or the GAL could have appealed from the 2019 case.

{¶ 22} Accordingly, the first assignment of error is sustained.

{¶ 23} In the second assignment of error, Father argues that the domestic relations court erred by "rubber stamping" a decision of the magistrate. Based on

---

[5] We note that any GAL fees incurred after the GAL's May 2023 appointment in the underlying action would not constitute a final appealable order under Loc.R. 35 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division.

our disposition of the first assignment of error, however, this assigned error is overruled as moot. App.R. 12.

## III. Conclusion

{¶ 24} We find that the domestic relations court's judgment in the underlying action awarding the GAL fees incurred in the dismissed 2019 case is a final and appealable order because this order, if not immediately appealable, would not afford appropriate relief to the parties in the future. Furthermore, the domestic relations court was without jurisdiction to order the GAL fees in the underlying action because the 2019 case was dismissed without prejudice and is treated as though it never commenced.[6]

{¶ 25} Accordingly, judgment is vacated.

Costs waived.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
MICHAEL JOHN RYAN, J., DISSENTS (WITH SEPARATE OPINION)

---

[6] Our holding is limited to the circumstances of this particular case.

MICHAEL JOHN RYAN, J., DISSENTING:

{¶ 26} Respectfully, I dissent. I would affirm the trial court's judgment awarding the GAL fees for his work representing the interests of the parties' minor children in their divorce proceedings, which, to date, has spanned over four years.

{¶ 27} Without doubt, the procedural posture of the proceedings present a unique situation, but I believe the majority's reliance on it subverts the law. The majority finds that the dismissal of the 2019 case rendered it "as though it never commenced, and as a result, the domestic relations court could not have ordered the parties to pay the GAL fees from the 2019 case in the underlying action." Majority opinion at ¶ 20. The first part of the majority's statement is bedrock law — a dismissal without prejudice relieves the court of all jurisdiction over the matter and the action is treated as though it had never been commenced. *Zimmie*, 11 Ohio St.3d at 95, 464 N.E.2d 142. It is the second part of the majority's statement that I take issue with. Despite the dismissal, I believe the trial court still had jurisdiction to order payment of the GAL fees and that its order occurred in this newly filed case would be inconsequential for me. Although the substantive, meritorious decisions that occurred in the 2019 case were to be treated as having never occurred, I do not believe the GAL fees fall into that category.

{¶ 28} As the majority seems to acknowledge, GAL fees are costs. *See* majority opinion at ¶ 13; R.C. 3111.14. Costs are routinely determined after a case has been dismissed. *See* Loc.R. 35(E)(3)(a) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division. Indeed, since the trial court's

January 17, 2023 judgment adopting the magistrate's decision and dismissing the 2019 case, numerous cost entries appear on the docket.

{¶ 29} As the GAL acknowledges, in hindsight, there were actions he could have taken to better protect his interest. The majority states that "[n]othing herein should be construed as suggesting that the GAL could not be paid for his fees." Majority opinion at ¶ 21. I would take it a step further and hold that under the specific facts of this case, he should not be denied his fees. I note in particular that the GAL filed his motion for fees on November 15, 2022, well in advance of the magistrate's December 28, 2022 decision and the court's January 17, 2023 judgment adopting the magistrate's decision. In the time that the motion was pending, there was no opposition to his fee request nor motion to remove him as guardian.

{¶ 30} Thus, on the peculiar facts presented in this case, I would not apply the law in such a hypertechnical manner so as to deny the GAL fees. I therefore dissent.