NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**SLIP OPINION NO. 2025-OHIO-2946**

**E.A.K.M., APPELLEE, *v.* M.A.M.; KIRNER, GRDN. AD LITEM, APPELLANT.**

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *E.A.K.M. v. M.A.M.*, Slip Opinion No. 2025-Ohio-2946.]**

*R.C. 2505.02—Final orders—An interlocutory order requiring payment of guardian-ad-litem fees in ongoing divorce and child-custody proceeding is not a final order under R.C. 2505.02(B)—Court of appeals' judgment vacated.*

(No. 2024-0587—Submitted April 1, 2025—Decided August 21, 2025.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 112833, 2024-Ohio-967.

_____

DEWINE, J., authored the opinion of the court, which FISCHER, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ., joined. KENNEDY, C.J., concurred in judgment only.

**DeWine, J.**

{¶ 1} This case presents the question whether an order requiring payment for guardian-ad-litem services in an ongoing divorce and child-custody proceeding is immediately appealable. The court of appeals found that under the facts and circumstances of this case, the order qualified as a final order that could be immediately appealed. We disagree. Orders for payment of guardian-ad-litem fees issued during the pendency of a divorce and child-custody proceeding do not fall within the category of orders that may be immediately appealed. Rather, a party must wait for entry of a final judgment before pursuing an appeal of an order of this type. Because the Eighth District Court of Appeals did not have jurisdiction to hear this matter, we vacate its judgment.

## I. Background: An Order to Pay Guardian-Ad-Litem Fees Is Issued in a Divorce and Child-Custody Proceeding

{¶ 2} This case involves a divorce and child-custody action that was dismissed and subsequently refiled. At issue is an order to pay guardian-ad-litem fees that was entered in the refiled action. The order required payment not only of fees incurred in the refiled action but also the payment of outstanding fees from the earlier, dismissed action.

{¶ 3} E.A.K.M. ("Father") and M.A.M. ("Mother") filed for divorce in 2019 in the Cuyahoga County Court of Common Pleas, Domestic Relations Division. The court appointed Peter S. Kirner as guardian ad litem for their minor children. The parents made payments toward Kirner's guardian-ad-litem fees as the case progressed. Two weeks prior to the trial date in late 2022, Kirner filed a motion seeking payment for the remainder of the fees that he was owed.

{¶ 4} The court had not ruled on Kirner's motion by the scheduled trial date. On the morning that trial was set to begin, Mother appeared and asked the court to dismiss the case. The court granted Mother's request. In its judgment entry

dismissing the case without prejudice, the court also dismissed all pending motions as moot. *See* Cuyahoga C.P. No. DR-19-367298 (Jan. 17, 2023).

{¶ 5} Just weeks later, in January 2023, Mother and Father reinstituted divorce proceedings. Mother requested that all orders from the 2019 case be preserved. After initially granting Mother's motion to preserve the orders from the 2019 case, the trial court sua sponte denied the motion, vacating its prior entry. Kirner then filed another motion seeking payment of guardian-ad-litem fees for services rendered from July 2019 through April 2023, which incorporated services he had performed for both the dismissed and refiled cases. In his application, Kirner represented that Mother and Father had paid him a total of $36,345.44 in guardian-ad-litem fees and that $17,791.44 remained outstanding. The trial court granted Kirner's motion, ordering Mother and Father to each pay their proportionate share of Kirner's fees.

{¶ 6} Father appealed, arguing that the court erred by ordering payment of guardian-ad-litem fees that were incurred in the dismissed case. The Eighth District initially dismissed the appeal for lack of jurisdiction, explaining that "[a]n order to pay [guardian-ad-litem] fees, without a final decision as to custody, is an interlocutory order and is not final and appealable." No. 112833 (8th Dist. June 15, 2023).

{¶ 7} But after Father sought reconsideration of its dismissal, the court of appeals changed course. It granted reconsideration, explaining only that it was doing so "due to the unusual circumstances of this appeal." No. 112833 (8th Dist. July 11, 2023). It also allowed Kirner to intervene in the action.

{¶ 8} The court of appeals ultimately issued an opinion in which it vacated the trial court's order requiring Father and Mother to pay guardian-ad-litem fees. 2024-Ohio-967, ¶ 1 (8th Dist.). Before reaching the merits, the Eighth District took up the question of whether it had jurisdiction to hear Father's interlocutory appeal. *Id*. at ¶ 8-16. The court determined that the order was final and appealable under

R.C. 2505.02(B)(2), which defines a final order to include "an order that affects a substantial right made in a special proceeding." *See* 2024-Ohio-967 at ¶ 15. The court of appeals acknowledged that an order "'affects a substantial right for purposes of R.C. 2505.02(B)(2) only if "in the absence of immediate review of the order [the appellant] will be denied effective relief in the future."'" (Bracketed text in *Thomasson*.) *Id.* at ¶ 10, quoting *Thomasson v. Thomasson*, 2018-Ohio-2417, ¶ 10, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993). But it found the effective-relief requirement was met under the "facts and circumstances" of this case:

> Because the domestic relations court no longer had jurisdiction over the 2019 case, the order requiring the parties to pay the [guardian ad litem's] fees in the underlying action, . . . if not immediately appealable, affects Father's substantial rights that in effect determines the action. The divorce proceedings have been pending for nearly four years. If Father waits to file an appeal following the resolution of all the claims in the underlying action, he will be precluded from meaningful review and will not be afforded appropriate relief in the future.

*Id.* at ¶ 15.

{¶ 9} Kirner appealed to us, raising two propositions of law. The first proposition challenges the Eighth District's conclusion that the guardian-ad-litem fee order was a final order that could be immediately appealed under R.C. 2505.02(B)(2). The second proposition takes aim at the merits of the court of appeals' judgment vacating the fee order. Because we agree with Kirner that the court of appeals lacked jurisdiction over Father's appeal, we do not reach the second proposition.

4

## II. Analysis: A Pretrial Order to Pay Guardian-Ad-Litem Fees Is Not a Final Order

{¶ 10} The question whether a guardian-ad-litem fee order can be appealed in the middle of a divorce proceeding depends on whether it is a "final order." The Ohio Constitution provides that the courts of appeal "shall have such jurisdiction as may be provided by law" to review "judgments or final orders" of inferior courts. Ohio Const., art. IV, § 3(B)(2). The "provided by law" part of the Ohio Constitution's jurisdictional grant is supplied primarily by R.C. 2505.02. That statute defines certain classes of orders as "final order[s] that may be reviewed, affirmed, modified, or reversed." R.C. 2505.02(B).

{¶ 11} "The general rule is that all orders in a case must be reviewed in a single appeal after final judgment." *State v. Glenn*, 2021-Ohio-3369, ¶ 10. But R.C. 2505.02 provides a limited exception to this requirement, including certain interlocutory decisions of trial courts within its definition of a "final order."

{¶ 12} Relevant here is the class of orders set forth in R.C. 2505.02(B)(2). That provision establishes that a "final order" includes "[a]n order that affects a substantial right made in a special proceeding." A "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). The guardian-ad-litem fee order was issued during a divorce action between Father and Mother. Because divorce did not exist at common law, this court has held that a divorce action qualifies as a special proceeding. *See Thomasson*, 2018-Ohio-2417, at ¶ 12, citing *Wilhelm-Kissinger v. Kissinger*, 2011-Ohio-2317, ¶ 6.

{¶ 13} An order made in a special proceeding can only be final and appealable, however, if it "affects a substantial right," R.C. 2505.02(B)(2). A "substantial right" is defined as one that "the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to

enforce or protect." R.C. 2505.02(A)(1). "An order *affects* a substantial right for the purposes of R.C. 2505.02(B)(2) only if an immediate appeal is necessary to protect the right effectively." (Emphasis added.) *Wilhelm-Kissinger* at ¶ 7.

{¶ 14} The burden of establishing the appellate court's jurisdiction over an interlocutory appeal "falls on the party who knocks on the courthouse doors asking for interlocutory relief." *Smith v. Chen*, 2015-Ohio-1480, ¶ 8. Thus, we must determine whether Father has established that a substantial right is at issue, and, if so, whether the fee order *affects* that substantial right.

*A. The Guardian-Ad-Litem Fee Order Does Not Involve a Substantial Right*

{¶ 15} We start with the statutory definition of "substantial right"—the requirement that the appeal must affect a right that the "the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect," R.C. 2505.02(A)(1).

{¶ 16} In concluding that this case involves a "substantial right," the court of appeals cited *Jackson v. Herron*, a case from the Eleventh District Court of Appeals that opined: "The right to have guardian ad litem fees taxed as costs is one conferred by the Rules of Civil Procedure and, thus, constitutes a substantial right," 2005-Ohio-4039, ¶ 8 (11th Dist.). *See* 2024-Ohio-967 at ¶ 13 (8th Dist.). The "rule of procedure" relied on by the Eleventh District in *Jackson* was Civ.R. 75(B)(2), which provides that "[w]hen it is essential to protect the interests of a child, the court may . . . appoint a guardian ad litem . . . for the child and tax the costs." *See Jackson* at ¶ 6.

{¶ 17} But while R.C. 2505.02(A)(1) allows a substantial right to be borne out of a "rule of procedure," it also requires that the rule must confer on a person an entitlement "to enforce or protect" that right. The problem here is that nothing in Civ.R. 75(B)(2) creates such an entitlement for Father. Civ.R. 75(B)(2) does not require a trial court to appoint a guardian ad litem at all; nor does it require a trial court to order the payment of fees in a particular way or at a particular time. There

is no entitlement to a guardian-ad-litem fee order or to an assessment of costs to pay a guardian ad litem. Nor is there any entitlement to *not* have guardian-ad-litem fees assessed. Further, Father has not presented any argument that a guardian-ad-litem fee order implicates some other law or procedural rule that he is entitled to enforce or protect.

### B. Father's Inability to Immediately Appeal Does Not Foreclose Appropriate Relief in the Future

{¶ 18} Even if we determined that the statutory definition of "substantial right" was satisfied here, there would still be another hurdle for Father. The order in question must *affect* a substantial right. R.C. 2505.02(B)(2). As noted above, we have held that an order "affects a substantial right for the purposes of R.C. 2505.02(B)(2) only if an immediate appeal is necessary to protect the right effectively." *Wilhelm-Kissinger*, 2011-Ohio-2317, at ¶ 7. That is, Father must demonstrate that "in the absence of immediate review of the order [he] will be denied effective relief in the future." *Bell*, 67 Ohio St.3d at 63. This understanding is consistent with longstanding principles that generally limit appellate review to final decisions in order to avoid "the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974).

{¶ 19} Pretrial guardian-ad-litem fee orders are not the types of orders that require an immediate appeal to ensure effective relief. Just as trial courts can order the payment of fees to a guardian ad litem during the pendency of a case, they can also order the refund of any overpayments at the end of the case. And following that, if the court of appeals ultimately determines that fees were improperly paid to a guardian ad litem, it can order reimbursement of the excess fees.

{¶ 20} In its order granting Father's request for reconsideration of the dismissal of his appeal, the Eighth District cited the "unusual circumstances" of this case. No. 112833 (8th Dist. July 11, 2023). And in concluding that an immediate

7

appeal was necessary because the fee order affected Father's substantial rights, the appellate court focused on the "facts and circumstances of this case." 2024-Ohio-967 at ¶ 15 (8th Dist.). Specifically, it relied on the length of time that the divorce proceedings had been pending. *Id.* It also intertwined its jurisdictional decision with its conclusion on the merits that the trial court no longer had jurisdiction to order payment for guardian-ad-litem fees incurred in the 2019 case. *Id.*

{¶ 21} There are several problems with the Eighth District's analysis. First, the final-order rule is categorical: whether an order is final depends not on the exigencies of a particular case but on whether the order falls within a category of orders that meets the requirements of finality. For this reason, our caselaw on the subject determines whether certain orders *as a category* are immediately appealable. *See, e.g.*, *Wilhelm-Kissinger*, 2011-Ohio-2317, at syllabus ("The denial of a motion to disqualify counsel in a divorce proceeding is not a final, appealable order."); *Bell*, 67 Ohio St.3d 60, at syllabus ("The action of a trial court directing a witness opposing a discovery request to submit the requested materials to an in camera review so that the court may determine their discoverable nature is not a final appealable order pursuant to R.C. 2505.02."); *In re Adoption of Greer*, 1994-Ohio-69, paragraph one of the syllabus ("A trial court's finding pursuant to R.C. 3107.07 that the consent to an adoption of a party described in R.C. 3107.06 is not required is a final appealable order."); *Wilson v. Wilson*, 2007-Ohio-6056, syllabus ("A divorce decree that provides for the issuance of a qualified domestic relations order ('QDRO') is a final, appealable order, even before the QDRO is issued."); *Walburn v. Dunlap*, 2009-Ohio-1221, syllabus ("An order that declares that an insured is entitled to coverage but does not address damages is not a final order as defined in R.C. 2505.02(B)(2), because the order does not affect a substantial right even though made in a special proceeding."). In other words, we "decide appealability for categories of orders"; we do not "in each individual case engage

in ad hoc balancing to decide issues of appealability." *Johnson v. Jones*, 515 U.S. 304, 315 (1995).

{¶ 22} That makes sense. Parties need to know whether the kind of order at issue is immediately appealable. After all, finality determines not only whether a party may appeal but also when a party must appeal. *See State v. Craig*, 2020-Ohio-455, ¶ 19 ("Were we to hold that a judgment is final and appealable as soon as any count is resolved, we would be saying not only that a defendant *may* appeal at that time, but also that the defendant *must* appeal at that time." [Emphasis added.]); Painter & Pollis, *Ohio Appellate Practice*, § 2.1, at 69 (2024-2025 Ed.) (failure to recognize that an order is final and appealable "can have devastating consequences, including the loss of appellate rights"). So, if the appealability of every order had to be determined on an individualized basis, appellate courts would be flooded with interlocutory appeals filed by parties who were uncertain whether the clock on the time for filing an appeal had started to tick.

{¶ 23} It would be a daunting task for courts and litigants to engage in an individualized balancing in each case to determine whether a particular order was immediately appealable. And one can imagine the confusion that would arise if, for example, some orders denying motions to dismiss were appealable but not others, or if some guardian-ad-litem fee orders were appealable but not others. So here, rather than focus on what it found to be unique circumstances in this case, the court of appeals should have asked whether, as a category, orders for the payment of guardian-ad-litem fees meet the requirements of R.C. 2505.02(B)(2).

{¶ 24} In considering the unique circumstances of this case, the court of appeals focused on the length of time that the divorce and child-custody proceedings have been pending. But the length of litigation has never been deemed a sufficient basis to make an order immediately appealable. *See, e.g.*, *In re D.H.*, 2018-Ohio-17, ¶ 17 ("by itself the passage of time—a factor in virtually every case in which a party must wait to appeal—does not render a future appeal meaningless

or ineffective"). Nor does the mere potential for high costs associated with lengthy litigation operate to require an immediate appeal. *See, e.g.*, *Gardner v. Ford*, 2015-Ohio-4242, ¶ 8 (1st Dist.) ("the prospect of high litigation costs does not make a remedy following final judgment unmeaningful or ineffective"); *see also Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 499 (1989) ("this Court has declined to find the costs associated with unnecessary litigation to be enough to warrant allowing the immediate appeal of a pretrial order").

**{¶ 25}** The court of appeals also incorrectly tied its determination about whether R.C. 2505.02(B)(2) was satisfied to its finding on the merits that the trial court lacked jurisdiction to order payment of guardian-ad-litem fees incurred in the 2019 case. 2024-Ohio-967 at ¶ 15 (8th Dist.) ("Because the domestic relations court no longer had jurisdiction over the 2019 case, the order requiring the parties to pay the [guardian ad litem's] fees in the underlying action, . . . if not immediately appealable, affects Father's substantial rights that in effect determines the action."). But an appellate court's jurisdiction does not turn on the merits of the underlying appeal; "[o]therwise, an appellate court would be forced to decide the merits of the appeal in order to determine whether it has the power to hear and decide the merits of the appeal." *Bennett v. Martin*, 2009-Ohio-6195, ¶ 35 (10th Dist.); *see also Klein v. Bendix-Westinghouse Automotive Air Brake Co.*, 13 Ohio St.2d 85, 88-89 (1968) (rejecting notion that an otherwise interlocutory order was appealable if it constituted an abuse of discretion by the trial court). As the United States Supreme Court explained in a case in which it found the trial court's merits decision to be "troubling":

> "[I]t would seem to us to be a disservice to the Court, to litigants in general and to the idea of speedy justice if we were to succumb to enticing suggestions to abandon the deeply-held distaste for piecemeal litigation in every instance of temptation. Moreover, to

find appealability in those close cases where the merits of the dispute may attract the deep interest of the court would lead, eventually, to a lack of principled adjudication or perhaps the ultimate devitalization of the finality rule . . . ."

(Bracketed text in original.) *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 439 (1985), quoting *Bachowski v. Usery*, 545 F.2d 363, 373-374 (3d Cir. 1976). Whether an appellate court has jurisdiction to review a trial court's order is an analytically distinct question from whether the decision below was incorrect. The court of appeals should not have intertwined the two.

### III. Conclusion

{¶ 26} An interlocutory order requiring payment of guardian-ad-litem fees in an ongoing divorce and child-custody proceeding is not a final order under R.C. 2505.02(B)(2). Because the Eighth District Court of Appeals lacked jurisdiction to review the trial court's guardian-ad-litem fee order, we vacate the appellate court's judgment.

Judgment vacated.

_____

Stafford Law Co., L.P.A., Nicole A. Cruz, and Kelley R. Tauring, for appellee.

Patrick J. Milligan Co., L.P.A., and Patrick J. Milligan, for appellant.

_____