[Cite as *Berlin Twp. Bd. of Trustees v. TowerCo 2013, L.L.C.*, 2025-Ohio-4339.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BERLIN TOWNSHIP BOARD OF TRUSTEES | Case No. 25 CAE 020015 |
| Plaintiff - Appellant | Opinion And Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas, Case No. 22 CVH 06 0295 |
| TOWERCO 2013 LLC, ET AL. | Judgment: Dismissed |
| Defendants – Appellees | Date of Judgment Entry: September 15, 2025 |

**BEFORE:** Craig R. Baldwin; William B. Hoffman; Andrew J. King, Appellate Judges

**APPEARANCES:** CHRISTOPHER A. RINEHART, GRANT A. WOLFE, SANDRA R. MCINTOSH, DEREK L. TOWSTER, PATRICK J. SCHMITZ, SCOTT SCRIVEN for Plaintiff-Appellant; JAMES F. MATTHEWS, TONYA J. ROGERS for Defendants-Appellees.

OPINION

*King, J.*

{¶ 1}   This matter comes before the Court upon two separate motions to dismiss filed by appellees Olentangy Local School District Board of Education ("OLSD") and TowerCo 2013, LLC ("TowerCo").  In consideration of the posture of this case under the *Brownfield* rule and the agreed entry below, we hold this is not a final appealable order.

**STATEMENT OF RELEVANT FACTS**

{¶ 2}   TowerCo constructed a tower on OLSD property after obtaining a building permit.  TowerCo maintained it was immune from zoning requirements as to the

construction of the tower on OLSD property. Appellant, Berlin Township Board of Trustees ("Township"), filed a declaratory judgment action seeking a declaration that (1) the zoning requirements did apply to the TowerCo project, and (2) TowerCo violated the Township's zoning laws.

{¶ 3} During the litigation, the Township sought an injunction to which the parties agreed. The trial court issued a judgment entry on November 29, 2022, which states in part:

> This matter came before the Court upon the unopposed motion of Plaintiff Berlin Township Board of Trustees to consolidate its application for a preliminary injunction with the trial of the action on the merits. The Court has reviewed the same and hereby GRANTS Plaintiff's motion with the condition that the Defendants will maintain the status quo in this matter and not conduct any further construction activities related to the wireless telecommunications tower at issue in this matter until the Court considers and rules on the merits of this matter. Having signed and approved this Judgment Entry below, the Court hereby acknowledges that the Defendants have agreed to be bound by the terms of this Judgment Entry.

{¶ 4} The trial court later clarified this judgment entry in a judgment entry filed January 9, 2025, as follows:

The Court hereby elucidates its Judgment Entry of November 29, 2022 to make clear that Defendants may engage in activities to seek zoning from Berlin Township related to the wireless telecommunications tower at issue in this matter and that such action will not be construed as "construction activities" in contravention of the Judgment Entry of November 29, 2022.

**OLSD'S ASSERTED IMMUNITY FROM ZONING AND FEDERAL LITIGATION**

{¶ 5} We begin our analysis by first turning to the underlying law here. We do so because the underlying dispute is between two governmental entities. Here, the Township used its authority under R.C. 519.04 to enact certain land use restrictions by way of a zoning resolution. The Township purports to control OLSD's use of its land by this resolution. OLSD claims it is immune from the Township's resolution.

{¶ 6} Although local governments have the power to impose use and area restrictions on properties subject to its jurisdiction, that power is not always absolute. The General Assembly might create statutory immunities, e.g., R.C. 519.211, R.C. 303.211, and R.C. 6119.06(Z). Another non-statutory exception to that power is when a political subdivision seeks to regulate the land owned by another political subdivision. *Brownfield v. State*, 63 Ohio St.2d 282 (1980), *overruled in part on other grounds by Racing Guild of Ohio, Loc. 304 v. Ohio State Racing Commission*, 28 Ohio St.3d 317 (1986).

{¶ 7} A political subdivision's immunity under *Brownfield* is not absolute. Rather, to enjoy immunity from zoning, "the land-owning authority must make a reasonable attempt to comply with the zoning restrictions of the affected political subdivision." *Id*. at

286. Reasonable efforts do not require compliance with local zoning procedures, e.g., obtaining permits, variances, or changes in existing zoning. *Taylor v. State, Ohio Department of Rehabilitation and Correction*, 43 Ohio App.3d 205, 209 (10th Dist. 1988). *See also* 2001 Ohio Atty.Gen.Ops. No. 2001-002; 2008 Ohio Atty.Gen.Ops. No. 2008-022. Moreover, a board can proceed without zoning compliance if the board determines, in its own judgment, doing so would impede its performance of essential governmental powers and duties. *See Taylor* at 211.

{¶ 8} Thus, *Brownfield* immunity has been described as self-executing, i.e., it is effective upon being asserted. *See* Ohio Atty.Gen.Ops Nos. 2001-002 and 2008-022. At this juncture, the political subdivision seeking compliance with its zoning must acquiesce or seek an injunction. *Id*. The Sixth Circuit accordingly described *Brownfield* immunity as self-executing. *Towerco 2013, LLC v. Berlin Township Board of Trustees*, 110 F.4th 870, 883 (6th Cir. 2024).

{¶ 9} In related litigation, the Sixth Circuit aptly described the procedural history; so, we will note only a few items particularly relevant to our conclusion. In late 2021, TowerCo, on behalf of OLSD, indicated it was proceeding on the project based on its *Brownfield* immunity. *Id*. at 876. After receiving a building permit, TowerCo began construction and nearly completed it. *Id*. at 877.

{¶ 10} On June 21, 2022, the Township filed this underlying action and was granted a temporary restraining order on the day the action was filed. *Id*. On July 13, 2022, TowerCo removed the action to federal court, under the Telecommunications Act of 1996 ("TCA"). *Id*. at 878. As relevant for our consideration, the Sixth Circuit ultimately determined that the assertion of *Brownfield* immunity and filing an action did not count as

a final action under the TCA. *Id*. at 882. The Sixth Circuit suggested that if TowerCo was forced to apply for a permit, the decision by the Township Board of Zoning Appeals would be a final action. *Id*. at 884. The matter then returned to state court. At a trial court status conference on January 6, 2025, TowerCo indicated it wanted to submit a zoning application. The township objected, citing to a November 29, 2022 judgment entry wherein the trial court ordered in part: "Defendants will maintain the status quo in this matter and not conduct any further construction activities related to the wireless telecommunications tower at issue in this matter."

{¶ 11} On January 9, 2025, the trial court issued a judgment entry clarifying its November 29, 2022 judgment entry. In the clarification entry, the trial court found TowerCo's submission of a zoning application would not violate the terms of the November 29, 2022 judgment entry. We note that TowerCo is attempting to now follow the path the Sixth Circuit indicated would result in a final action for the TCA. The township has appealed from the January 9, 2025 clarification entry. The issue before this Court is whether the January 9, 2025 clarification entry is a final, appealable order.

### APPELLATE COURT JURISDICTION

{¶ 12} Courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record or inferior to the court of appeals within the district." Ohio Const., art IV, § 3(B). Consequently, an order must be final before an appellate court may review it. *Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 14, citing *General Accident Insurance Co. v. Insurance Company of North America,* 44 Ohio St.3d 17, 20 (1989). If an order is not final and appealable, an appellate court has no jurisdiction over it. *Id.*

{¶ 13} The burden of establishing the appellate court's jurisdiction over an interlocutory appeal "falls on the party who knocks on the courthouse doors asking for interlocutory relief." *Smith v. Chen*, 2015-Ohio-1480, ¶ 8; *accord E.A.K.M. v. M.A.M.*, 2025-Ohio-2946, ¶ 14.

## CONTRACT

{¶ 14} The township argues the November 29, 2022 judgment entry is not a preliminary injunction, but is a binding contract signed by the parties.

{¶ 15} Even if we were to accept the township's characterization, the Court fails to see how the characterization of the entry as a contract transforms the January 9, 2025 clarification entry into a final order. Further, even assuming arguendo this were a true statement, the entry issued on January 9, 2025 does not resolve all of the claims between the parties and does not contain Civ.R. 54(B) language.

{¶ 16} The underlying suit (as explained below) is, at its root, seeking judicial intervention to stop TowerCo's construction activities and force it to comply with the zoning resolution. Although we conclude below that the entry appealed from is not a final appealable order, we also see the absence of Civ.R. 54(B) language as fatal to this appeal. Regardless, the January 9, 2025 entry did not fully resolve the entire case; the cause of action seeking the injunction remains pending. Thus, even if we were to assume the January 9, 2025 entry was a final appealable order, the entry lacks the necessary Civ.R. 54(B) language.

## FINAL APPEALABLE ORDER ANALYSIS

{¶ 17} The township argues the clarification entry is final on three bases: (1) the entry affects a substantial right in an action that in effect determines the action and

prevents a judgment, (2) it affects a substantial right in a special proceeding, and (3) it grants a provisional remedy which, in effect, determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the township.

{¶ 18} The township's first two arguments hinge on whether a substantial right is implicated by the entry being appealed. Because we find a substantial right has not been affected by the entry, these arguments fail.

{¶ 19} R.C. 2505.02(A)(1) defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Further, "'[a]n order *affects* a substantial right for the purposes of R.C. 2505.02(B)(2) only if an immediate appeal is necessary to protect the right effectively.'" (Emphasis in original.) *E.A.K.M.,* 2025-Ohio-2946, at ¶ 13, quoting *Wilhelm-Kissinger v. Kissinger,* 2011-Ohio-2317, ¶ 7.

{¶ 20} The *Brownfield* framework helps clarify the issues before us. The township is the plaintiff below; it is seeking an injunction under R.C. 519.24 to force TowerCo to comply with its zoning resolution. In the ordinary case, a landowner cannot proceed with construction without first complying with the zoning resolution. R.C. 519.23. There is no dispute here that TowerCo did not comply with the township's zoning resolution. Thus, but for its assertion of its *Brownfield* immunity, the township would likely prevail on the merits against TowerCo and be awarded an injunction under R.C. 519.24.

{¶ 21} Yet, the situation here is different than the ordinary case because upon the assertion of *Brownfield* immunity, TowerCo is lawfully allowed to proceed unless and until a court of competent jurisdiction orders it to temporarily or permanently halt. And that is what happened here. Upon filing the complaint, the township sought and received a

temporary restraining order, and, after the return of the case to the regular docket, the parties agreed to the November 29, 2022 entry that precluded construction activities during the pendency of the case.

{¶ 22} As noted above, the conduct the township complains about is not the denial of its attempt to stop the construction while the *Brownfield* immunity issue is litigated; it prevailed on that issue—at least temporarily. Instead, the township seeks to thwart TowerCo from seeking a conditional use permit under R.C. 519.14(C). We note this action is otherwise lawful conduct that a landowner may pursue. Nothing the township points to suggests to us that a landowner cannot simultaneously assert immunity and alternatively pursue a conditional use permit.

{¶ 23} In any event, the township's underlying action is to force TowerCo to comply with the zoning resolution, which arguably receiving a conditional use permit would accomplish. So, as a general matter, it is difficult to see how any provisional remedy issued by the trial court within this framework would prevent any person from seeking a zoning permit. But more to the point, the November 29, 2022 judgment entry and the trial court's January 9, 2025 clarification entry plainly do not implicate the conduct complained of to this court.

{¶ 24} Thus, no substantial right is implicated by the appealed from trial court entry. The township may return to the trial court for enforcement of the November 29, 2022 entry if construction activities were to resume. To the extent the township is arguing that the trial court clarified its entry in such a way as to not preclude TowerCo from applying for a permit, neither does that affect a substantial right. TowerCo normally would be permitted to submit the application irrespective of the action underlying this appeal. The trial court's

clarification entry did not therefore change the status quo in a way that affected the township's right to seek compliance with its zoning.

{¶ 25} We therefore find a substantial right is not implicated by the entry being appealed.

{¶ 26} With respect to Appellant's third argument that the order is final because it grants a provisional remedy, we find the order did not grant a provisional remedy or prevent a judgment in favor of Appellant.

{¶ 27} Revised Code 2505.02(A)(3) defines provisional remedy as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code."

{¶ 28} The order being appealed did not grant a provisional remedy. It merely determined the act of applying for a zoning permit did not constitute "construction activities" as prohibited by the November 29, 2022 order. As discussed above, Appellant is still able to seek enforcement of the order should it be violated. The mere possibility of TowerCo being granted a zoning permit does not in effect prevent judgment in favor of the Township.

{¶ 29} Because the order being appealed is not a final order, we dismiss this matter for lack of jurisdiction.

{¶ 30} Costs to Appellant.

By: King, J.

Baldwin, P.J. and

Hoffman, J. concur.